In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring a Limited Interest in Real Property Bounded by Northern Boulevard and Other Streets, together with Title to All Buildings and Improvements Situated upon Said Lands, in the Borough of Queens, Selected as a Site for NORTHERN BOULEVARD HOUSES. CITIZENS DEVELOPMENT, INC., et al., Appellants.— In a proceeding for the condemnation of real property, final decree, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.

PARK VIEW GARDENS, INC., Respondent, v. SAMUEL GREENE, Appellant.— Appeal by tenant, by permission, from an order of the Appellate Term affirming a final order of the Municipal Court of the City of New York, Borough of Brooklyn, determining the rent due from the tenant to his landlord to be $61.72, and awarding possession of the premises to the landlord. Order of the Appellate Term unanimously affirmed, with costs. The tenant became a statutory tenant, and that status made inoperative paragraph twenty-fourth (so-called automatic renewal clause) in the lease, after the period from October 1, 1943, to September 30, 1945. The tenant, therefore, was obligated to pay the amount of rent fixed by the Housing Expediter's order from the date specified therein. (*Stern* v. *Equitable Trust Co.*, 238 N. Y. 267.) Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

ANNA KLUGE et al., Appellants, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, Respondent.— This action is by plaintiff wife to recover damages for injuries suffered when she slipped and fell in defendant's store, and by her husband for loss of services, and expenses. The wife had a verdict for $10,000, and the husband for $2,500. At the conclusion of the trial, the court granted defendant's motion to set the verdicts aside unless plaintiffs stipulated to reduce the verdicts to $2,000 and $450 respectively. Plaintiffs failed so to stipulate, and an order was entered setting aside the verdicts and ordering a new trial. Plaintiffs appeal. Order modified on the facts by adding thereto the following: " unless within ten days after the entry of the order hereon plaintiff-wife stipulate that the verdict rendered by the jury in her favor be reduced to $4,000, and the plaintiff-husband stipulate that the verdict in his favor be reduced to $750." As so modified, the order is unanimously affirmed, with costs to appellants. In the event that plaintiffs fail so to stipulate, the order is unanimously affirmed, with costs to respondent. In our opinion, the reduction of the wife's verdict to $2,000, and the reduction of the husband's verdict to $450, were too drastic. Present — Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ.