HARKAP REALTY CORP., Appellant, *v.* PHILIP POLER, Respondent.

Supreme Court, Appellate Term, Second Department, October 11, 1950.

*Irving R. Kass* for appellant.
*Samuel I. Levine* for respondent.

*Per Curiam.* Defendant became a statutory tenant when he remained in possession of the apartment after the last lease expired (*Stern* v. *Equitable Trust Co.,* 238 N. Y. 267; *Whitmarsh* v. *Farnell,* 298 N. Y. 336). His status as a statutory tenant rendered the automatic renewal clause inoperative (*Park View Gardens* v. *Greene,* 274 App. Div. 1062). The provision for a concession did not carry over into such tenancy (*Miltonian Realty Corp.* v. *Markowitz,* 184 Misc. 360; *Macsher Realty Corp.* v. *Knobler,* 184 Misc. 56). Additionally, the rent collectible on April 1, 1950, as theretofore determined by the Federal Housing Expediter, was unaffected by the provisions of the so-called Sharkey Law (Local Laws, 1949, No. 73 of City of New York) or section 13-a of the State Residential Rent Control Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) (*Teeval Co.,* v. *Stern,* 301 N. Y. 346).

The order granting defendant's motion for summary judgment and judgment entered thereon should be unanimously reversed upon the law, with $30 costs to plaintiff, and motion denied.

The order denying plaintiff's motion for summary judgment should be unanimously reversed upon the law, without costs, and motion granted.

STEINBRINK, FENNELLY and RUBENSTEIN, JJ., concur.

Orders and judgment reversed, etc.