BEO REALTY CORP., Plaintiff, *v.* GRACE N. PRIMACK, Defendant.

Municipal Court of the City of New York, Borough of Queens, April 7, 1952.

*Louis E. Klein* for plaintiff.

*Milton E. Jacobowitz* for defendant.

Morris, J. The within action is to recover rent for premises for the period July 7, 1950, up to and including June 30, 1951, occupied by defendant as a statutory tenant under an expired lease which by its terms fixed the rent at $65 per month. On July 7, 1950, the plaintiff, as landlord brought a proceeding in the Supreme Court under section 4 of chapter 314 of the Laws of 1945 as amended (Business Rent Law) to fix the reasonable rent at a sum greater than $65 per month. On March 4, 1951, by a final order, the Supreme Court fixed the reasonable rent at $130 per month retroactively to July 7, 1950, the date of the application.

The tenant continued in occupancy during the period from July 7, 1950, to and including June 30, 1951, and paid rent at the rate of $65 per month to and including the rent for February, 1951. To and including February, 1951, the landlord accepted $65 per month and in no way indicated that the rent so accepted was without prejudice. At no time after February, 1951, did the plaintiff landlord accept any rent from the defendant tenant although same was tendered to the plaintiff landlord at the rate of $65 per month. No personal demand was made on the defendant for the increase granted by the Supreme Court order of March 4, 1951, to wit, $130 per month prior to June 20, 1951. The rent sued for is in part the excess between the amount paid by the defendant, to wit, from July 7, 1950, to February 28, 1951, at $65 per month and the amount fixed by the Supreme Court as the reasonable rental of the premises, to wit, $130 per month and the balance from March 1, 1951, to June 30, 1951, at $130 per month or a total of $1,024.68.

It is not disputed that as the result of the stipulated facts the defendant tenant was a statutory tenant obligated to pay $65 per month and that no notice was served upon the tenant requiring the tenant to pay the increased rental as fixed by the Supreme Court order of March 4, 1951, until June 20, 1951. There is no dispute but that the tenant never agreed to pay such increase and after service of the notice on June 20, 1951, the tenant vacated the premises June 30, 1951.

It would appear that two questions of law must be determined. First: Was a demand necessary in order to fix tenant's liability for the increase retroactively to July 7, 1950? Second: Was the acceptance unconditionally by the landlord of rent from July,

1950, to and including February, 1951, a waiver of the increased rent for that period?

Where a tenant becomes a statutory tenant no notice of increase in rent is necessary (*Marquette Realty Co.* v. *Feine,* N. Y. L. J., May 25, 1951, p. 1952, col. 7 [App. Term, 2d Dept.]; *Park View Gardens* v. *Greene,* 274 App. Div. 1062; *Paray Realty Corp.* v. *Goodwine,* 194 Misc. 538). It is conceded that the statute permits the making of an order retroactive, fixing such increase effective as of the date of the filing of the petition (L. 1945, ch. 314, § 4, as amd). It is conceded also that during the pendency of the proceeding in the Supreme Court the landlord may not collect an amount in excess of that which the tenant was obligated to pay as a statutory tenant, *id est,* $65 per month. Any increase in the amount the tenant was obligated to pay was made in the Supreme Court proceeding by virtue of the power created in the Supreme Court by the Legislature. The increase in the rent was not as the result of a written notice by the landlord to a tenant which the tenant might accept or reject (*Machson* v. *Kalz,* 187 N. Y. S. § 411). The tenant having chosen to remain in possession as a statutory tenant could not avoid liability for a retroactive rent increase granted by the Supreme Court (*Stern* v. *Equitable Trust Co.,* 238 N. Y. 267, 269, 270; *Wasservogel* v. *Meyerowitz,* 300 N. Y. 125, 132; *Virag* v. *792 Madison Ave.,* N. Y. L. J., Dec. 21, 1951, p. 1737 col. 5 [App. Term, 2d Dept.]). The acceptance of the emergency rent during the period when the Supreme Court proceeding was pending was not a waiver of the right to collect the reasonable rent as fixed by the Supreme Court. Both the emergency Business and Commercial Rent Laws (L. 1945, ch. 314, § 3, as amd.; L. 1945, ch. 3, § 3, as amd.) specifically provides that " Acceptance by a landlord of payment of the emergency rent by a tenant shall not be construed to be a waiver by such landlord of his right to seek increased rent from such tenant as hereinafter provided." The court in *Wasservogel* v. *Meyerowitz* (*supra*) at page 134 stated: " Some argument has been made that the acceptance by these landlords, while their petitions for higher rents were pending, of the lease rentals estopped them, or amounted to a waiver by them. Since they were, during that pendency of those petitions, forbidden to accept more than the rents theretofore fixed, there is no basis for charging them with either waiver or estoppel."

Judgment for plaintiff, $1,024.68 and interest as demanded. Ten days' stay.