IRMA CHICK, Appellant, v. LEONARD GLASSHEIM, Respondent, and JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener, Respondent.— Appellant, landlord of premises in the city of New York, in September, 1950, leased to respondent-tenant a furnished apartment for two years at a stipulated monthly rental of $95. The tenant paid the stipulated rental monthly from September 15, 1950, to January 14, 1952, after which time he refused further payment of said rent. On May 29, 1952, the local rent administrator, acting under subdivision (a) of section 36 of the Rent and Eviction Regulations, established the maximum rent to be $78 as of May 1, 1950. The landlord thereupon in June, 1952, instituted summary proceedings for possession of the premises based on the tenant's nonpayment of rent. She alleged in her petition that the rental was $78 and by amendment claimed nonpayment of the rent for the six months beginning January 15, 1952. The tenant counterclaimed for alleged overcharges at the rate of $17 per month for sixteen months from September 15, 1950, through the month beginning December 15, 1951, the last rent paid by the tenant. The landlord, by leave of this court, appeals from the order of the Appellate Term, which modified the final order of the Municipal Court of the City of New York, Borough of Queens, Fifth District, by reducing the tenant's recovery on her counterclaim to the overcharges paid by the tenant in the one year immediately preceding the interposition of the counterclaim, and as so modified affirmed the final order in favor of the landlord for the rent in excess of the alleged overcharge. Order of the Appellate Term unanimously affirmed, without costs. A tenant's right to recover for violation of a regulation or order is created by statute. (L. 1946, ch. 274, § 11, subd. 5, as amd.) The counterclaim here was predicated on the fact that the order of the local rent administrator established the maximum rent as of May 1, 1950. Such an order was within his power to make. Nothing further was decided in *Matter of Staub* v. *McGoldrick* (281 App. Div. 750). While there was power to make the order, no right of action for its violation could be predicated on acts of acceptance of rent prior to its issuance. The statutes provide for criminal as well as civil actions for violation of orders or regulations establishing maximum rents. It is not to be presumed that it was intended to make actionable acts which when committed could not be said to be illegal. Therefore, the tenant was not entitled to recover for a violation of the order made by the local administrator. Nevertheless, the order may be affirmed. It is a matter of record that in 1943 there was established a maximum rent for this apartment unfurnished of $55, which was not adjusted prior to May 1, 1950. Concededly, the landlord rented the apartment to this tenant as furnished at a rental of $95 and accepted payment thereof up to the time when the tenant objected and the local administrator made the order. The acceptance of the excess above the maximum rent existing on the day the State Residential Rent Law took effect was a violation of the statute. (*Baum* v. *Crosfield*, 279 App. Div. 1088.) There is no dispute as to the amount accepted by the landlord. The overcharge on the basis of the $55 maximum exceeds the award to the tenant. The latter has not appealed. The order is, therefore, affirmed. Present — Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.