LEO KOZLOWSKI, Appellant, *v.* MATEUSZ KRZYSKO, Respondent.

County Court, Montgomery County, February 5, 1954.

---

* See, also, *Barbee* v. *2639 Corp.,* 204 Misc. 668.— [REP.

*Joseph Jacobs* for appellant.

*Frederick A. Partyka* for respondent.

KNIGHT, J. The plaintiff tenant appealed from a judgment in favor of the defendant rendered after a trial in the Amsterdam City Court, without a jury. The plaintiff sought to recover rent paid from October 1, 1952, to April 30, 1953, claimed to be in excess of the fixed maximum rent.

The trial court, in dismissing the complaint, held that the plaintiff had failed to prove that the '' action of the Temporary State Housing Rent Commission, in reducing the rent from the registered rental of $40.00 per month to the adjusted rental of $25.00 per month, could be considered as retroactive ''.

The order of the Temporary State Housing Rent Commission was made on April 29, 1953, fixing the maximum rent '' at $25.00 per month as of October 1, 1952 '',

This action is brought pursuant to the provisions of subdivision 5 of section 11 of the State Residential Rent Law (L. 1946, ch. 274, as amd.); which provides: "If any landlord who receives rent from a tenant *violates a regulation or order prescribing a maximum rent* with respect to the housing accommodations for which such rent is received from such tenant, the tenant paying such rent may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the landlord on account of the overcharge as hereinafter defined." (Italics mine.)

The theory of this action is that the landlord " *violates a regulation or order prescribing a maximum rent* ". Admittedly no order existed during the period that the landlord received the $40 a month rent. Can one be charged with the violation of an order which does not exist? I think not. The statute, being in derogation of the common law, must be strictly construed.

The trial court's opinion indicates that the commission's order should not be given retroactive effect. There is merit to that contention. " ' A law is never to have retroactive effect, unless its expressed letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only.' " (*Saltser & Weinsier* v. *McGoldrick*, 295 N. Y. 499, 507.) A rule or regulation made by the commission cannot circumvent this rule of law. In fact, the State Residential Rent Law provides that " No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued ". (§ 4, subd. 6.)

The judgment appealed from is affirmed.