DAVID FELTON, Appellant, and JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener-Appellant, *v.* LEO-DOR REALTY CORP., Respondent.

First Department, February 15, 1955.

*Murray A. Meyerson* for appellant.

*Beatrice Shainswit* of counsel (*Walter S. Fried,* attorney), for intervener-appellant.

*Leon H. Murray* of counsel (*Robert L. Boags* and *Horace I. Gordon* with him on the brief; *Dyer, Stevens & Murray,* attorneys), for respondent.

BASTOW, J.  Plaintiff and intervener, State Rent Administrator, appeal from a determination of the Appellate Term reversing a judgment entered in the Municipal Court upon a verdict in favor of the plaintiff following a jury trial and dismissing the complaint.  The action was commenced in April, 1953, by the plaintiff, a former tenant of the defendant landlord, to recover alleged overcharges of rent for a period of twenty-six weeks from August 2, 1952, to January 31, 1953.  It was claimed that the tenant during this period paid $21.50 weekly whereas the maximum rent therefor was $10 per week.  The total claimed overcharge was $299 but upon allegations of willful overcharge recovery was sought for treble damages amounting to $897 and counsel fees in the sum of $250.  The jury returned a verdict for $400 plus $175 counsel fees.

It appears that in January, 1951, one Altman purchased the property which was then a vacant one-family house.  He converted the building into a nine-unit rooming house.  The rooms were first rented in June, 1951.  No registrations were filed for these rentals.  On August 2, 1952, plaintiff rented a rear bedroom with shared kitchen and bathroom and without linen service for $21.50 per week.  Nine days later Altman and his wife sold the premises to the defendant corporation, of which Altman is president.  It appears from the file of the Rent Administrator, which was received in evidence upon the trial, that shortly after renting the room the plaintiff wrote to the local rent administrator inquiring about the maximum rent.  This inquiry set in

motion an investigation by the administrator. The stated facts were discovered, including the fact that the converted rooming house had never been registered. A proceeding was commenced to fix the maximum rent of the plaintiff's accommodations and resulted in an order of the local administrator dated January 26, 1953, fixing the maximum rent of the room and facilities at $10 per week without linens. This rent was fixed as of August 2, 1952 — the date of plaintiff's first occupancy. This amount was paid by the plaintiff from January 31, 1953, until the tenant moved out in April, 1953. Shortly thereafter, this action was commenced.

In the meantime, there was renewed activity before the local rent administrator. In February, 1953, the landlord objected, in writing, to the determination of the local administrator upon the grounds that it had been made upon insufficient evidence and that the landlord had not received notice of the proceeding. At about the same time, the landlord sought to file registration statements for the entire building. The local rent administrator opened a new proceeding to determine rents for the whole building, including a reconsideration of the determination previously made. Full proceedings on this reopening resulted in the issuance of an order by the administrator on October 29, 1953, effective January 26, 1953, revoking the order of January 26, 1953, for plaintiff's accommodations and fixing the rent therefor at $15 per week with linens, as of July 14, 1951 — the date of first renting to any occupant of the converted building. On November 19, 1953, the defendant filed a protest to the State Rent Administrator from this order.

It was against this procedural background that the action was tried commencing on November 25, 1953. The complete file of the Rent Administrator was received in evidence and the jury was permitted to take all the exhibits when they retired to deliberate. The court in its charge made no reference to the later orders of the Rent Administrator revoking the original order fixing the maximum rent at $10 per week and increasing the maximum rental to $15 per week, including linen service. The case was submitted to the jury upon the theory that a verdict could be returned in favor of the plaintiff for any amount between the alleged overcharge of $299 based upon a maximum rent of $10 per week and three times that amount plus counsel fees. It is impossible, therefore, to determine how the jury arrived at its award of $400.

Following the trial and on February 9, 1954, the State Rent Administrator affirmed the order of October 29, 1953, of the

local administrator but modified it to the extent that the rent should be $15 with linens and $14 without linens. It is undisputed that the plaintiff had never been furnished linens. It thus appears that the final determination fixed the maximum rent of plaintiff's accommodations at $14 per week as of the date of the first renting, July 14, 1951.

Upon these facts the landlord moved in Municipal Court for a new trial upon the ground that the order fixing the maximum rent at $14 per week had materially changed the measure of damage. The motion was denied. It is apparent that plaintiff's recovery may not stand. The case was tried and submitted to the jury upon an order of the local administrator fixing the maximum rent at $10 per week whereas the maximum as finally established was $14 per week.

The landlord contends, however, and the Appellate Term by a divided court has decided, that the plaintiff may not recover in any event. Briefly stated, the defendant submits that where a landlord has failed to register housing accommodations, and the administrator thereafter determines the maximum rent as of the date of first renting, the tenant may not recover any overcharges for the period between the date the order is made effective and the date it is issued. We are unable to agree with this contention and conclude that it does not conform with either the letter or spirit of the statute and regulations.

It is conceded that when these premises were converted to a rooming house that a registration statement should have been filed by the landlord within fifteen days after July 14, 1951, the date of the first renting. (State Rent and Eviction Regulations, § 43.) This was not done. When the attention of the administrator was directed to this default, he properly commenced a proceeding under subdivision (c) of section 36 of the regulations and issued an order fixing the maximum rent. In conformity with the provision of that section, the rent was fixed as of the date of first renting. Moreover, subdivision 4 of section 21 of the regulations provides in part that " [I]f the landlord fails to file a proper registration statement within the time specified, such renting shall not constitute the establishment of a maximum rent and the Administrator may fix the maximum rent as provided in Section 36 of these Regulations."

The maximum rent was fixed in conformity with the then applicable provisions of the State Residential Rent Law (L. 1946, ch. 274, § 4, subd. 3, as amd. by L. 1951, ch. 443). This enactment authorizes the bringing of an action by a tenant on account of the overcharge in violation of a regulation or order prescribing

a maximum rent. It is stated that " the word ' overcharge ' shall mean the amount by which the consideration paid by a tenant to a landlord exceeds the applicable maximum rent." (§ 11, subd. 5, as amd. by L. 1951, ch. 443.)

It seems clear that the " applicable maximum rent " as found by the administrator was the sum of $14 per week. In substance, it is the landlord's contention that although no registration statement was filed as required by the regulations, an overcharge of more than 33⅓% may not be recovered by the tenant because no order had been made fixing the maximum rent prior to the collection of such rent. To substantiate this contention the landlord quotes out of context a sentence from the statute stating that " No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued " (§ 4, subd. 6, as amd. by L. 1951, ch. 443). The short answer is that the order in question was not one increasing or decreasing the maximum rent. The order *fixed* the maximum rent as of the date of first renting and filled the void created by the landlord's violation of the statute and regulations by failing to file a registration statement and to have such rent fixed within fifteen days after the date of the first renting.

When a maximum rent has been established for nonregistered accommodations and the tenant has paid rent in excess of that maximum, the refusal of the landlord on demand to refund the excess is a violation of the " regulation or order prescribing the maximum rent ". A contrary holding would be a plain invitation to landlords to fail to register properties, collect overcharges until discovered and then leave the tenant without remedy to recapture the overpayments.

Contrary to the contention of the defendant, the retroactivity of the order of the administrator does not in any manner jeopardize plaintiff's cause of action. As heretofore stated, this cause of action is predicated on the provision in subdivision 5 of section 11 of the State Residential Rent Law that " [i]f any landlord who receives rent from a tenant violates a regulation or order prescribing the maximum rent with respect to the housing accommodations for which such rent is received ", the overcharge may be recovered. If the landlord had registered the accommodations within fifteen days after the first renting, the maximum rent prescribed by the regulations would have been " the first rent for such accommodations ". (State Rent and Eviction Regulations, § 21, subd. 4.) By failing to register the accommodations the landlord does not thereby escape a regulation or order prescribing the maximum rent as of the date of the

first renting. If the landlord could escape such a retroactive regulation or order, landlords who fail to file a registration statement would be in a better position than those who obey the law. Rather, in the case of the landlord who fails to register, the administrator fixes the maximum rent which would have been in effect as of the first renting if the landlord had properly registered. The fixing of the maximum rent in an order retroactive to the date of first renting simply implements the plain provision of the statute. If the maximum rent is less than the rent collected from the tenant, the landlord has violated the order of the administrator prescribing the maximum rent. This is a continuing violation and plaintiff's cause of action arose when it was determined that the rent collected was in excess of the fixed maximum.

It has heretofore been found that plaintiff's judgment may not stand because recovery was had upon a maximum rent that was subsequently changed upon the application of the defendant. The determination of the Appellate Term insofar as it dismissed the complaint is reversed and a new trial granted with costs to the plaintiff to abide the event.

Peck, P. J., Cohn and Breitel, JJ., concur.

Determination, insofar as it dismissed the complaint, unanimously reversed and a new trial granted, with costs to the plaintiff to abide the event. Settle order on notice.