Abraham R. Margulies, J.
This is a motion pursuant to rule 113 of the Buies of Civil Practice striking out the complaint. This is an action brought by the plaintiffs against the defendants for overpayments of rent of $12 per month for one year and for treble damages o'f $432 and attorney’s fees of $100 making a total of $532. The plaintiff's occupied the premises since 1951 at a rental of $82 per month. ” A registration for said apartment was filed with the local rent office of the Temporary State Housing Bent Commission on June 6, 1955. Prior to June 6, 1955 *168 the said apartment had not been registered with the said commission. As a result of the filing with the commission on June 6, 1955 the commission issued an order dated August 9,1955 fixing the maximum rent as of said date at $70 per month as of May 1, 1953, the order reading: ‘ ‘ Fixes the maximum rent pursuant to subsection (d) thereof at $70 per month as of May 1, 1953 which amount is the maximum rent for the housing accommodations.”
The determination of this motion depends upon the language of subdivision 5 of section 11 of the State Besidential Bent Law (L. 1946, ch. 274, as amd.). The statute insofar as it is pertinent to this motion reads as follows: “ If any landlord who receives rent 'from a tenant violates a regulation or order prescribing the maximum rent with respect to the housing accommodations for which such rent is received from such tenant, the tenant paying such rent may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the landlord on account of the overcharge as hereinafter defined.”
The statute clearly states that the cause of action arises in the event the landlord violates a regulation or order prescribing a maximum rent. The First Department and the Second Department of the Appellate Division differ as to what constitutes a violation of this section.
The Appellate Division, Second Department in Chick v. Glassheim (282 App. Div. 727) states: “ Order of the Appellate Term unanimously affirmed, without costs. A tenant’s right to recover for violation of a regulation or order is created by statute. (L. 1946, ch. 274, § 11, subd. 5, as amd.). The counterclaim here was predicated on the fact that the order of the local rent administrator established the maximum rent as of May 1, 1950. Such an order was within his power to make. Nothing further was decided in Matter of Staub v. McGoldrick (281 App. Div. 750). While there was power to make the order, no right of action for its violation could be predicated on acts of acceptance of rent prior to its issuance. The statutes provide for criminal as well as civil actions for violation of orders or regulations establishing maximum rents. It is not to be presumed that it was intended to make actionable acts which when committed could not be said to be illegal. Therefore, the tenant was not entitled to recover for a violation of the order made by the local administrator. ’ ’
The Appellate Term, Second Department in Taylor v. Mabry (136 N. Y. S. 2d 722) rendered the following decision in regard to section 11:
*169 “ Order Mun. Ct. 127 N. Y. S. 2d 905, unanimously reversed on the law with $10 costs to the defendants and motion for summary judgment granted on the authority of Chick v. Glassheim, 282 App. Div. 727, 122 N. Y. S. 2d 401. See also Kozlowski v. Krzysko, 205 Misc. 190, 127 N. Y. S. 2d 526.
‘ ‘ Leave to appeal denied 284 App. Div. 851, 134 N. Y. S. 2d 275.”
The Appellate Division decision in Chick v. Glassheim (supra) was decided June 22, 1953 and the Taylor case (supra) was decided May 24, 1954. The court finds that the Appellate Term, First Department in Felton v. Leo-Dor Realty Corp. (134 N. Y. S. 2d 654) by a divided court sustained the reasoning in Chick v. Glassheim (supra) and both the majority and minority opinion referred to Chick v. Glassheim (supra).
It is interesting to note that, in reversing the Felton decision of the Appellate Term, First Department, the Appellate Division, First Department (285 App. Div. 460) made no reference to Chick v. Glassheim (282 App. Div. 727, supra) or Kozlowski v. Krzysko (205 Misc. 190) referred to by the Appellate Term, Second Department in Taylor v. Mabry (136 N. Y. S. 2d 722).
The Appellate Division, First Department neglecting any reference to the reasoning of the Appellate Division, Second Department in the Chick case (supra) or the Appellate Term, Second Department in the Kozlowski case (supra), in this court’s opinion attempted to read something into section 11 not contained therein. The following language of the Appellate Division (285 App. Div. 460, 463) clearly shows the reasoning applied: “ The landlord contends, however, and the Appellate Term by a divided court has decided, that the plaintiff may not recover in any event. Briefly stated, the claimant submits that where a landlord has failed to register housing accommodations, and the administrator thereafter determines the maximum rent as of the date of first renting, the tenant may not recover any overcharges for the period between the date the order is made effective and the date it is issued. We are unable to agree with this contention and contend that it does not conform with either the letter or spirit of the statute and regulations. * * * This enactment authorizes the bringing of an action by a tenant on account of the overcharge in violation of a regulation or order prescribing a maximum rent * * * A contrary holding would be a plain invitation to landlords to fail to register properties, collect overcharges until discovered and then leave the tenant without remedy to recapture the over-payments.”
In this court’s opinion the commission’s order should not be given retroactive effect. As quoted in Saltser & Weinsier, Inc. *170 v. McGoldrick (295 N. Y. 499, 507) “ 1 A law is never to have retroactive effect, unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only.’ (N. Y. & Oswego M. R. R. Co. v. Van Horn, 57 N. Y. 473, 477-478.) ” It may be commendatory that the Appellate Division, First Department in the Felton case should have attempted to work out an equitable determination of the issues but section 11 of the State Residential Rent Law refers specifically to a situation which involves a ‘ ‘ violation of a regulation or order prescribing a maximum rent ”.
In the instant case no regulation or order was in existence until August 9, 1955. Concededly there was no violation of that order and the plaintiffs therefore have no cause of action for such violation because there was no violation of such an order. Under such circumstances the relief under the facts in the instant case rests with the Legislature and this court is constrained to follow the logic as enunciated in Chick v. Glassheim (282 App. Div. 727, supra); Taylor v. Mabry (136 N. Y. S. 2d 722, supra) and Saltser & Weinsier, Inc. v. McGoldrick (295 N. Y. 499, supra).
The motion is in all respects granted and the complaint is dismissed.