Mario G. Di Pirro, J.
This action is predicated upon two causes of action. The first, to recover the sum of $48.30 for current (Oct. 1955) rent and the second cause of action to recover balances of $2.30 each for the 28 months commencing with May, 1953; plaintiff demanding judgment against the defendant for the total sum of $112.70.
The defendant has interposed an answer containing a general denial and in addition two affirmative defenses, viz., lack of jurisdiction of this court over the subject matter of the action, and secondly, that the cause of action to recover back rent balances does not state facts sufficient to constitute a cause of action.
Heretofore plaintiff moved for summary judgment. That motion was heard before Mr. Justice Baker who denied the same. From the denial of that motion the plaintiff appealed to the Appellate Term which appeal is still pending and undetermined, at this writing.
In the meantime, the case appeared on the calendar for trial and the parties stipulated in writing that the court determine this controversy based upon the record made to the Appellate Term. In addition, certain facts have likewise been stipulated to.
Insofar as the first cause of action is concerned, concededly there is due to the plaintiff the sum of $48.30 for the monthly rental commencing October 25, 1955 and as to that cause of action the plaintiff is entiled to judgment for $48.30.
The second cause of action, however, poses a question which appears to be of first import as independent research has failed to disclose any opinion adjudicating the issue of law involved therein.
This issue, which the parties have stipulated that this court determine, concerns itself as to whether the plaintiff has the right to recover a balance of $2.30 per month for a 28-month period, to wit: May 25, 1953 to September 24, 1955, totalling $64.40, based upon an order made by the local rent office of the Temporary State Housing Rent Commission on August 30, 1955 determining that “ the maximum rent for the housing accommodation ” is “ $48.30 per month as of May 1, 1953 ”.
*224 There is no dispute about the following facts. Plaintiff is the owner of premises 2359-61 Eighth Avenue, New York City. It leased these premises to Dalester Realty Corp. for a period of 10 years commencing May 1, 1940 and terminating April 30, 1950. The buildings so leased had been newly renovated and no tenants were in occupancy. Dalester Realty Corp. proceeded to rent the apartments in these buildings and in May, 1940 apartment 5A was rented to the defendants in this action at a monthly rental of $40. Notwithstanding the fact that the monthly rental was $40, Dalester Realty Corp., in accordance with the Act of Congress known as the Emergency Price Control Act of 1942 (freezing rentals) (U. S. Code, tit. 50, Appendix, § 901 et seq.) registered the apartment in question with the Office of Price Administration at $42 per month. Upon the expiration of Dalester Realty Corp. lease on April 30,1950, plaintiff re-entered into possession and the defendants became statutory tenants. Then and for the first time, plaintiff ascertained that for some unknown reason defendants’ apartment was paying a monthly rental of $6 below the uniform scale. Plaintiff thereupon proceeded before the rent commission to have the statutory rental fixed at $42. At this endeavor it failed and plaintiff continued to collect $40 monthly rental from defendants up to May, 1953. On May 1, 1953, a 15% statutory increase became effective. Plaintiff filed an application increasing the defendants’ rental to $46 and the rent commission so certified. Concededly defendant continued paying the $46 per month for the 28-month period in question.
Thereafter and in 1955, plaintiff instituted a new proceeding to establish a rental of $55.20 based upon special and unique circumstances following which the rent commission discovered an error in its 1953 certification and thereupon on August 30, 1955 caused an order to be made certifying that the original registered rent for the apartment in question was $42 per month and not $40, and that adding to this sum of $42 the 15% statutory increase, the statutory rent thus became $48.30 and not $46 as previously certified. Defendants refused to pay this difference in rent of $2.30.
The question posed is — can the plaintiff collect retroactively the balance of $2.30, being the difference between the sum of $46, originally fixed by the rent commission as the maximum emergency rental for this apartment and the sum of $48.30, being the amount determined by the rent commission in its order of August 30, 1955 upon discovery by it of a mathematical error theretofore made by it.
*225 It is this court’s opinion that the plaintiff cannot collect such difference. This question, although never answered directly by any court, has been discussed in a New York Law Journal editorial of January 3,1957, by my brother, Mr. Justice Arthur Waohtel of the Bronx Municipal Court. In that article Judge Waohtel discussed the difference of opinion existing between the First and Second Departments in connection with the failure of a landlord to file rent registration statements and the fixing of maximum rent therefor insofar as the enforcement of such order is concerned as of the date it is issued or retroactively as of the date it is made effective. The position taken by the First Department in the cases of Felton v. Leo-Dor Realty Corp. (285 App. Div. 460) and Pagan v. Mantell (3 Misc 2d 402) is to the effect that such a retroactive order fixing the maximum rent is enforcible retroactively as of the date it is made. In the Second Department, however, a contrary position is taken as stated in the cases of Chick v. Glassheim (282 App. Div. 727), Taylor v. Mabry (136 N. Y. S. 2d 722) and Rossetidis v. Orsati (3 Misc 2d 167). Here it was held that such fixing of the maximum rent is enforcible only as of the date of the issuance of the order.
These decisions rely upon the interpretation of subdivision 5 of section 11 of the State Residential Rent Law (L. 1946, ch. 274, as amd.).
However, nowhere in the rent control laws is any provision set forth which gives the landlord the right to recover any moneys from a tenant based upon a retroactive order issued by the rent commission.
The Legislature, in its wisdom, has only given the tenant the right to collect any overcharges. The pertinent provisions relating to maximum rent orders are set forth in the State Residential Rent Law and the State Rent and Eviction Regulations. Subdivision 6 of section 4 of the State Residential Rent Law (L. 1955, ch. 685) provides: “ No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued.”
This is repeated in section 32 of the State Rent and Eviction Regulations: “ No retroactive adjustments. No order increasing or decreasing a maximum rent previously established pursuant to these Regulations shall be effective prior to the date on which the order is issued.”
The action of the rent commission in fixing the maximum rent was within its jurisdiction. The determination by the rent commission fixing the maximum rent at $48.30 as of May 1, 1953 did not authorize or empower this plaintiff to collect such adjusted rent retroactively. The fact that the rent commission *226 made a mathematical error in computation is certainly no fault of the defendants. The plaintiff, had it been alert could have immediately taken steps necessary to rectify such error and the fact that it continued to demand and accept the rent at the figure fixed by the rent commission indicates that it acquiesced to such figure.
There is likewise a serious doubt in this court’s mind as to whether the one-year Statute of Limitations would permit the plaintiff to collect the claimed difference for a period greater than one year.
Thus it appears that no remedy is afforded to the plaintiff by statute and that this court is powerless to aid this plaintiff. Such remedy rests with the Legislature.
Accordingly, the second cause of action is dismissed.
It follows that judgment is rendered in favor of plaintiff on the first cause of action herein for the sum of $48.30. Five days’ stay of execution.