Per Curiam.

In this action to recover treble damages and attorney’s fees by reason of alleged overpayments in rent, the plaintiff has moved for partial judgment on the pleadings to the extent of the actual overpayments in rent and for other relief. It is undisputed that the defendants have collected rent from the plaintiff at the rate of $95 a month for a period of 10 months. Subsequently, on July 10, 1957, the State Rent Administrator made an order pursuant to section 36 of the State Rent and Eviction Regulations determining that the maximum rent for the housing accommodations occupied by the plaintiff was $60 a month as of October 14, 1956. The order contained a direction that defendants refund to plaintiff “ all rent collected * * * in excess of the maximum rent established by this order ”.
The question posed on the motion was whether the plaintiff could recover the difference between the maximum rent established by the order of July 10,1957 and the higher rent collected prior to its issuance. The court below granted judgment on the pleadings to the defendants and dismissed the complaint on the authority of Chick v. Glassheim (282 App. Div. 727) wherein it was held that no right of action to recover overcharges could *620 be predicated upon acts of acceptance of rent prior to the issuance of an order of the Bent Administrator establishing the maximum rent as of an earlier date.
In our opinion, the effect of the holding in the Chick case has been limited by subdivision 6 of section 11 of the State Besidential Bent Law, which was added by chapter 755 of the Laws of 1957 and became effective June 30, 1957. This new provision authorizes the maintenance of an action to recover rent paid in excess of the established maximum rent where the Bent Commission has issued an order directing the refund of the over-payments. Insofar as a recovery is here sought for the actual overpayments and attorney’s fees, the instant action comes within the purview of the amendment and was improperly dismissed. The question as to whether subdivision 6 restricts the Chick decision with regard to claims for treble damages or in other respects than hereinabove noted is not before us on this appeal and has not been considered. Suffice it to say, for present purposes, that the plaintiff is entitled to partial judgment on the pleadings for the actual overpayments, as demanded, and a severance of the action as to the balance of her claim.
The judgment and order should be unanimously reversed on the law, with $10 costs to plaintiff, and plaintiff’s motion for partial judgment on the pleadings granted, partial judgment for the sum of $350 is directed to be entered in plaintiff’s favor, with appropriate costs in the court below, and the action is severed as to the balance of plaintiff’s cause of action.
Concur — Bette, Hart and Brown, JJ.
Judgment and order reversed, etc.