■ RUTH HENDRICKS, Respondent, v. FRANK FULLER, Appellant.— In an action by a tenant of a housing accommodation, pursuant to statute (Emergency Housing Rent Control Law, § 11, subd. 5; L. 1946, ch. 274, as amd.), to recover treble damages and reasonable attorney's fees by reason of an overcharge of rent in excess of the maximum fixed by the Local Rent Administrator, the defendant appeals from a judgment of the City Court of White Plains, rendered October 8, 1959, after a nonjury trial, in favor of plaintiff for $686.50. Judgment reversed, on the law and the facts, with costs, and judgment directed in favor of defendant and against plaintiff, dismissing the complaint, with costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The learned City Judge based his determination in favor of plaintiff upon a holding that, in a proceeding before the Rent Administrator to determine the maximum rent of the housing accommodation, defendant was named as landlord of the premises occupied by the plaintiff and defendant was found by the Rent Administrator to be the landlord. No other question was decided by the City Judge. We find in the record submitted no determination by the Rent Administrator that defendant was the landlord of the premises; nor would such determination, if made, justify the judgment appealed from. The statute, pursuant to which this action was brought, permits a recovery of excess rent only from a landlord who has received the rent from the tenant. The evidence adduced was insufficient to establish that defendant had ever received any rent from plaintiff. Even if it be assumed that defendant had received such rent, the evidence adduced was nevertheless insufficient to establish that he violated a regulation or order pre-

scribing the maximum rent (cf. *Chick* v. *Glassheim*, 282 App. Div. 727; *Knight* v. *Harder*, 4 A D 2d 955). Neither may the judgment be sustained under subdivision 6 of section 11 of the Emergency Housing Rent Control Law. There was no proof that any order had been made directing that the excess rent be refunded prior to the commencement of this action. Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.