James J. Conroy, J.
This is an action under the Emergency Housing Bent Control Law, by a former residential tenant of an apartment, to recover from his landlords treble damages for overcharge of rent under a lease between the parties, together with reasonable counsel fees and costs. This case was tried by the court. The only oral testimony offered concerned the value of the services of the attorney. The parties submitted to the court a stipulation constituting an agreed statement of facts, with provision therein that the same could be spread upon the record of the trial in place and stead of any oral testimony which would be given by any of the parties or other witnesses at the trial of the action.
The agreed statement of facts sets forth that the defendants have been the owners in fee and landlords of a multiple dwelling located at 34-01 38th Street, Astoria, Queens County, City and State of Hew York, since October, 1957; that on Hovember 23, 1957, the plaintiff as tenant and defendants as landlords entered into a written lease wherein and whereby plaintiff leased from the landlords an unfurnished apartment consisting of five rooms on the first floor of the aforesaid multiple dwelling, for a term of two years commencing December 15, 1957, and terminating December 14,1959, at a monthly rental of $135; that for a period of 8% months from December 15, 1957, to August 31, 1958, the plaintiff paid to the defendants monthly rent of the said apartment at the rate of $135 per month; that for a period of 13 months from September 1, 1958, to September 30, 1959, the plaintiff paid to the defendants monthly rent of the said apartment at the rate of $125 per month; that this action was instituted by personal service of a summons and verified complaint upon the defendants on January 21, 1960; the second cause of action contained in said complaint has been discontinued; that after the commencement of this action and during the pendency of the same, the local rent office having jurisdiction initiated a proceeding to establish the maximum rental for the said five-room apartment occupied by the plaintiff. On April 26, 1960, the Local Bent Administrator of the Temporary State Housing Bent Commission issued an order fixing the rent for the said five-room apartment occupied by the plaintiff, at the rate of $70 per month as of December 12, 1957, and provided that the said sum of $70 per month should be the maximum rent for the said housing accommodations; that the said order of the commission directed that the landlords were to refund to the tenant within 30 days after the order was to become final, all rent collected by the landlords in excess of the maximum rent established by the said order for a period not exceeding two years prior to the *1070 date of April 26, 1960; that such payments have been made by the landlords to the plaintiff herein.
At the outset of the trial, the plaintiff stated that he sought in this action recovery for an overpayment for the first four months of the year 1958, as well as counsel fees and costs, and it is his contention that the order of the Rent Commission established the maximum rent for the subject accommodations retroactively for the entire period of plaintiff’s occupancy and that therefore he was entitled to recover overpayments for the said first four months as well as those overpayments which had been returned to him by the landlords pursuant to the said order of the Rent Commission and that he was also, pursuant to statute, entitled to recover reasonable counsel fees and costs.
It is the contention of the landlords that the only maximum rent in effect at the time of the making of the lease with the plaintiff was that stated in the notice of maximum rent dated November 20, 1943, a copy of which is annexed to the agreed statement of facts and which affects only two rooms of the said five rooms as rented to the plaintiff. It is the defendants’ contention that sometime subsequent to that fixation, the three rooms occupied by the then owners were joined to and made a part of the two rooms for which a maximum rent had been fixed, and the defendants therefore contend that at the time of the making of the lease with the plaintiff herein, there was no maximum rent established for the said five-room apartment rented to the plaintiff and that the plaintiff’s action was commenced prior to the fixation in April, 1960 and that at the time, there being no order of the Rent Commisson, the landlords did not commit any violation.
The authority for an action by a tenant against his landlord on account of an overcharge of rent is subdivision 5 of section 11 of the Emergency Housing Rent Control Law (L. 1946, eh. 274, as amd.). It is provided therein that such an action may be maintained “ If any landlord who receives rent from a tenant violates a regulation or order prescribing the maximum rent with respect to the housing accommodations for which such rent is received from such tenant ”.
In the case at bar, there was no order prescribing the maximum rent for the housing accommodations for which rent was received from the plaintiff. There was an order prescribing a maximum monthly rent of $23 for a two-room apartment. That apartment, however, was not the accommodations for which the plaintiff paid rent. The two-room apartment ceased to exist when the five-room apartment was created by adding an additional three rooms. Consequently, there was created a new housing accom *1071 modation for which there was no prescribed rent. Although the landlord at the time the new accommodations were created should have filed a registration statement or made application for the fixing of a maximum rent, the failure to do so does not make him liable for an overcharge or establish the fact that there was an overcharge. (Weiderman v. Recklinghausen, 278 App. Div. 289, affd. 303 N. Y. 633; Garcia v. Deibert, 10 A D 2d 349, 352.)
The case relied upon by the plaintiff (Powell v. Park Lex. Realty Corp., 304 N. Y. 960), is distinguishable from the instant case, In that case no new housing accommodations were created. A one and one-half room apartment was converted into a two and one-half room apartment by partitioning one of the existing rooms. The floor space of the apartment was not increased as it was in the present case.
The landlords accordingly are not liable for an overcharge based on the maximum rent for the former two-room apartment. Nor are they liable for an overcharge based on the maximum rent of $70 for the five-room apartment which was fixed by the State Rent Commission subsequent to the receipt of the rent. (Chick v. Glassheim, 282 App. Div. 727; Rossetidis v. Orsati, 3 Misc 2d 167.)
Accordingly judgment is granted to the defendants dismissing the complaint.