Harry Gittleson, J.
The defendants move for an order permitting them to serve an amended answer. In response, the plaintiff cross-moved for summary judgment pursuant to rule 113 of the Buies of Civil Practice.- The motions will be considered in inverse order.
The facts are not in dispute. On January 15,1959, the plaintiff and defendants entered into a written lease affecting an apartment in premises 3815 Oceanic Avenue, Brooklyn, New York, for a period commencing February 1, 1959, and expiring December 31, 1959, at a monthly rental of $75. The tenant took possession of the apartment immediately and continued therein until May 16, 1960. He paid the agreed rental up to and including May 16, I960. The landlords claim such rental was *1048 paid up to March 31, 1960, a matter of no consequence to this court in view of its disposition of this motion.
The apartment, though controlled, was never registered. Proceedings were commenced to fix a maximum rental which resulted in an order dated February 16, 1961, made by the Local Bent Administration, fixing a maximum rental at $26 per month, which upon reconsideration was modified on January 9, 1963, increasing said maximum rental to $50 per month.
On May 9,1963, the plaintiff instituted his action by the service of a summons and complaint demanding judgment in the sum of $1,050, representing three times the alleged overpayment, to wit, $350, pursuant to subdivision 5 of section 11 of the Emergency Housing Bent Law (L. 1946, ch. 274, as amd.) and section Y41-11 of the City Bent and Behabilitation Law (Administrative Code of City of New York, § Y41-11.0). Defendants interposed a general denial and thus assert they are not indebted to the plaintiff in any sum.
It appears from the uncontroverted facts, that the maximum rental was originally fixed February 16, 1961 (mod. Jan. 9, 1963) about nine months after the tenant vacated the premises. The obligation sought to be imposed upon the landlords is predicated upon acceptance of rent prior to the issuance of the aforesaid order, namely for a period, commencing February 1, 1959 to May 16, 1960.
No right of action “ could be predicated on acts of acceptance of rent prior to its issuance. The statutes provide for criminal as well as civil actions for violation of orders or regulations establishing maximum rents. It is not to be presumed that it was intended to make actionable acts which when committed could not be said to be legal. Therefore, the tenant was not entitled to recover for a violation of the order made by the local administrator.” (Chick v. Glassheim, 282 App. Div. 727; see, also, Rossetidis v. Orsati, 3 Misc 2d 167.)
True, the holding in Chicle (supra) is limited by subdivision 6 of section 11 of the Emergency Housing Bent Control Law (added by L. 1957, ch. 755, eff. June 30, 1957). Such limitation presupposes that the order fixing the maximum rent, when issued subsequent to the acceptance of the rent is retroactive and contains a direction to refund the excess rent. Absent same, Chicle (supra) is decisive of the issue. (Anderson v. Allsop, 13 Misc 2d 618.)
The court is constrained to deny the plaintiff’s motion for summary judgment and grants judgment dismissing the complaint (Bules Civ. Prac., rule 113).