Per Curiam.

Order unanimously reversed, without costs, defendants’ motion to amend the answer granted, answer deemed amended, and plaintiff’s motion for summary judgment granted to the extent of directing partial judgment in his favor in the sum of $200, with appropriate costs in the court below. The action is severed as to the balance of plaintiff’s claim for treble damages and a counsel fee, and as to defendants’ counterclaim for unpaid rent.
The affidavits show that defendants collected rent from the plaintiff at the rate of $75 per month from February 1, 1959 through March 31, 1960. On January 9, 1963 the District Rent and Rehabilitation Director issued a final order modifying his previous order of July 31, 1961, which directed defendants to refund to the tenant within 30 days “ after this order shall become final ” all rent in excess of the maximum rent “ established by this order for a period not exceeding two years prior to the date indicated below.” The modifying order of January *292 9, 1963 fixed the maximum rent at $50 per month. The present action was timely commenced on May 15,1963 (City Rent, Eviction & Rehabilitation Regulations, § 3, subd. c; § 71, subd. c) and plaintiff was entitled to a refund of the excess rent he paid from August 1, 1959 through March 31, 1960, a total of $200. (Of. Anderson v. Allsop, 13 Misc 2d 618.) The willfulness of the violation and the counsel fee to be awarded plaintiff are questions of fact to be determined at the trial.
The affidavits also present questions of fact as to the rent owed by plaintiff for April and May, 1960.
Concur — Hart, Pette and Groat, JJ.
Order reversed, etc.