Arnold L. Fein, J.
The issues in this proceeding having come on for trial before the court, without a jury, final judgment of possession is rendered in favor of the petitioner against the respondent awarding to said petitioner delivery of the possession of the premises described in the petition by reason of nonpayment of rent in the sum of $125.66; and it appearing that demand is made in the notice of petition for judgment for rent in arrears, the court determines that the amount of rent due to the petitioner is the sum of $125.66; and the respondent having interposed a counterclaim, said counterclaim is dismissed on the merits.
Tenant is a statutory tenant, not a month-to-month tenant, and accordingly was not entitled to a 30-day notice of her obligation to pay the maximum emergency rent. No notice is required. (Stern v. Equitable Trust Co., 238 N. Y. 267; Whitmarsh v. Farnell, 298 N. Y. 336; Wasservogel v. Meyerowitz, 300 N. Y. 125.) Section 232-a of the Beal Property Law does not apply, tenant being neither a monthly tenant nor a tenant from month to month. Moreover, tenant conceded that she received a demand on June 28, 1965, to pay the maximum rent. She also had notice from the City Bent and Behabilitation Administration (Tremont Crotona v. Remer, 81 N. Y. S. 2d 530). The maximum rent was $108.33 per month without electricity service, as found in the order of the City Bent and Behabilitation Administration, issued June 26, 1964, confirming the prior order, dated February 9, 1953. The lease between the landlord’s predecessor and the tenant for the two-year period March 1, 1958, through February 28, 1960, for a lesser rent, with electricity and gas included, terminated prior to the acquisition of the property by the present landlord. It was not renewed automatically or by agreement. (Park View Gardens v. Greene, 274 App. Div. 1062.) There is no evidence of any agreement between the present landlord and the tenant for a lesser rent than the maximum authorized by the City Bent and Behabilitation Administration.
The landlord having demanded the maximum rent, the statutory tenant was obligated to pay the same so long as she remained on the premises (Bec Realty Corp. v. Primack, 201 Misc. 731; Paray Realty Corp. v. Goodwine, 194 Misc. 538; Finkelstein v. Foley, 205 Misc. 683, revg. 204 Misc. 476). The fact that the prior lease provided for landlord’s furnishing of electricity and gas inclusive in the rental charge did not make this an included service under the statutory tenancy, the maximum rent and the terms and conditions thereof having been fixed by the Bent Administration prior to the making of the *46 lease in question and confirmed thereafter, fixing the maximum legal rent at $108.33 per month ($25 per week), “ exclusive of electricity ’ ’, evidencing a clear finding that electricity was not an included service. Ras eh, Landlord and Tenant and Summary Proceedings (vol. 1, p. 150, 1st par.) cited by respondent, is not to the contrary. The text and the cases there cited support the petitioner herein, making clear that an agreement between a landlord and tenant permitting tenant to pay a lesser rent for a fixed period does not alter the maximum rent for subsequent periods absent an order of the Rent Administration or a new agreement.
There is no evidence this landlord agreed to provide electricity or to pay tenants’ bills for same. Accordingly there is no merit to the counterclaim. Counsel will please call for exhibits, held by the Clerk of Part 16.
It is adjudged that the amount due the petitioner is the sum of $125.66, and judgment is given to the petitioner against the respondent for the said amount so determined to be due, together with disbursements in the sum of-.
Issuance of warrant stayed to and including October 25, 1965.