Samuel H. Hofstadter, J.
In this nonpayment summary proceeding, landlord has been granted judgment for rent for the months of October, 1966 through January, 1968, at $88.50 per month, making a total of $1,416. The monthly rental is based on an order of the District Bent and Behabilitation Director dated December 18, 1967, fixing the maximum rent as of the date of occupancy. The order was made in a proceeding under section 36 of the City Bent, Eviction and Behabilitation Begulations. The protest filed by tenant of the order of the District Director was denied, except that the order has been corrected to indicate that the maximum rent is $88.30 per month, instead of $88.50 as inadvertently stated in the order.
Appellant’s basic argument is under subdivision j of section Y51-5.0 of the Administrative Code of the City of New York, *1087 which reads: “No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued. ’ ’
The same provision is contained in subdivision 6 of section 4 of the State Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1955, ch. 685), entitled “ General powers and duties of the, commission ’’ (Temporary State Housing Rent Commission). (See Matter of Neulist v. Weaver, 2 A D 2d 530, affd. 2 N Y 2d 889; see, also, Matter of Macan Estates v. McGoldrick, 281 App. Div. 810, affd. 305 N. Y. 876.)
The State and city regulations are to the same effect (§32 of both agencies; and, see, Matter, of Wolfson v. Herman, 13 A D 2d 636).
Landlord argues that the rent was established under section 36 of the city rent regulations entitled “ Orders where the maximum rent or other facts are in dispute, in doubt or not known, or where maximum rents must be fixed or established ” and not under section 33 of the regulations. Section 36 of the regulations contains the following sentence (subd. b, par. [1]): “ Such order shall fix or establish the maximum rent as of May 1, 1950, or the date of first renting, whichever is later ”.
Subdivision (a) of section 36 of the State regulations contains the same provision.
The threshold question is whether, assuming the right of the Rent Director to make the determination under section 36 of the regulations (see Matter of Epstein v. Herman, 19 A D 2d 74), we may review his findings. To put it differently, assuming jurisdiction by the Rent Commission (Leighton v. Bearman, 198 Misc. 789, 791), is the District Director’s order binding on the Civil Court and review limited to the method outlined in the rent laws and regulations ? We have held that it is binding (Hudson v. 680 Lexington Ave. Corp., N. Y. L. J., April 2,1968, p. 2, col. 2; see, also, United County Realty Corp. v. Kranert, 35 Misc 2d 438); and the cases hold that the orders of the Rent Commission may not be collaterally attacked (Wasservogel v. Meyerowitz, 300 N. Y. 125, 133; Ament v. Cohen, 16 A D 2d 824; Matter of Kliegman v. McGoldrick, 285 App. Div. 1065; Park View Gardens v. Greene, 274 App. Div. 1062; United County Realty Corp. v. Kranert, 35 Misc 2d 438 [App. Term, 1st Dept.]; see, also, Leighton v. Bearman, 198 Misc. 789 [App. Term, 2d Dept.]).
Did the District Director have jurisdiction to make the determination under section 36, rather than under section 33 (“Grounds for increase of maximum rent”), in view of the fact that the space remained the same and the proceeding was *1088 founded only on the extensive renovation of the space? Implicit in the record, although not explicitly established on the trial, is that the renovation was extensive. In such a situation, the answer would appear to be in the affirmative. In Matter of Epstein v. Herman (19 A D 2d 74, 76, supra) our Appellate Division stated that “ the other facts ” which may be in doubt, permitting a determination of a maximum rent under section 36, could be “ the space or the services involved.” The Appellate Division, Second Department, affirmed an order of the State Rent Administrator made under section 36, after “ the landlord made extensive alterations in excess of $6,500.00 ” (Matter of La Russo v. McGoldrick, 283 App. Div. 720).
The order of the District Director itself is not made retroactive. The language of the order is: “ Issued: Dec. 18, 1967.” Item 5 of the order reads: “ 5[x] Determines pursuant to subsection a thereof that the rent on date of occupancy was $88.50 per month, which amount is established as the maximum rent for the housing accommodation as of............, 196....”
Thus, it does not direct tenant to pay anything to landlord ; it does not establish rent as of a given date; it increases no rent; it decreases no rent. What it does do is to establish an unknown fact, namely, that the maximum rent on the date of first occupancy was $88.50 a month. Landlord, to recover, still had to prove an agreement by tenant to pay this sum. So analyzed, it may not be said that section 36 of the regulations or the order of December 18, 1967 conflicts with subdivision j of section Y51-5.0 of the Administrative Code and is therefore invalid (Felton v. Leo-Dor Realty Corp., 285 App. Div. 460, 464). Landlord’s proceeding was brought on the rental agreement, not on an order increasing maximum rent.
The exhibits substantiate landlord’s testimony that the parties had agreed that tenant would pay as rent for the apartment the amount fixed by the Rent Commission. While the issue as to when such rental would start is not so clear, it is noteworthy that tenant did not deny on the stand that such an agreement had been made before she moved to the new apartment. The trial court’s implied finding that such an agreement had been made is not against the weight of the evidence.
We find no merit in tenant’s constitutional argument- (Matter of Hotel Assn. of N. Y. City v. Weaver, 3 N Y 2d 206, 215-216; Teeval Co. v. Stern, 301 N. Y. 346, cert. den. 340 U. S. 876).
The final judgment should, however, be corrected to reflect the change in the maximum rent from $88.50 per month to $88.30 per month.
*1089 The final judgment should be modified by reducing the amount of rent due to the sum of $1,412.80 and as modified affirmed, without costs.
Gold, J.P., and Heohx, Jb., J., concur.
Final judgment modified, etc.