## First Department, April, 1974

### (April 4, 1974)

■ In the Matter of East 12th Associates, Inc., Appellant, v. Nathan Leventhal, as Commissioner of the Department of Rent and Housing Maintenance, Respondent, and Nicholas B. Waranoff et al., Intervenors-Respondents.— Judgment, Supreme Court, New York County, entered September 11, 1973, unanimously reversed, on the law, without costs and without disbursements, and vacated, and petitioner's application to annul and modify a determination of the respondent Commissioner of the Department of Rent and Housing Maintenance, which established rents for two apartments and directed refunds of claimed overcharges, is granted. The clerk is directed to enter judgment in favor of petitioner-appellant accordingly. A renovation actually made, coupled with lawful occupancy, casts into a free market the establishment of the "first rental", upon which new maximum rents may be based; and an earlier rental, when an apartment was of a different character, has no applicability. The respondent Commissioner's determination was arbitrary, in that it is contrary to a correct and logical reading of section 36 of the Rent, Eviction and Rehabilitation Regulations, implementing the statutory provision for establishing maximum rents (City Rent Law, Administrative Code of City of New York, § Y51-5.0). When an accommodation, for which a maximum rent has been in effect, no longer exists, the maximum rent of record loses its vitality and ceases to exist. (*Thompson Props.* v. *Di Biase,* 57 Misc 2d 1085, 1087–1088.) Pending the filing of an application for the establishment of new rents, and the determination thereon, the fair "arms length" and market value rental becomes the interim legal maximum rents. (*Weiderman* v. *Recklinghausen,* 278 App. Div. 289, affd. 303 N. Y. 633; *Garcia* v. *Deibert,* 10 A D 2d 349; *Felton* v. *Leo-Dor Realty Corp.,* 285 App. Div. 460, 463.) The essential purpose of an order under section 36 is to record the maximum rent as of the date of occupancy of the first tenant subsequent to renovation. In the instant case, there is no quesiton that the written leases were executed by the respondents tenants; that they took lawful possession pursuant to such leases and that, in fact, they paid the rents provided for therein. No other conclusion is warranted, particularly in view of the respondent Commissioner's accord with the determination of the District Rent Office that the scope of the renovation was of such an extent so as to support a first rental. (See *Felton* v. *Leo-Dor Realty Corp., supra.*) Thus, there was no rational basis for a direction for a refund of claimed excess payments of rent. Lastly, petitioner has standing to commence this proceeding, inasmuch as it was first aggrieved when the respondent Commissioner directed a refund of the claimed excess payments of rent. Concur — McGivern, P. J., Markewich, Murphy and Tilzer, JJ.