*715 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed with $30 costs and petition dismissed.
Tenants entered into possession of this apartment at a time when they enjoyed the protection of the Emergency Tenant Protection Act of 1974. One of the tenants became an employee of the petitioner and this employment status terminated in early 1988. Upon termination of such employment status, the relationship of landlord and tenant arose once again (see, Rasch, 1 New York Landlord and Tenant — Summary Proceedings §§ 4:7, 4:9 [3d ed]; id., vol 2, § 31:1 et seq; see also, Yui Woon Kwong v Guido, 129 Misc 2d 211). Landlord offered tenants a lease for the then maximum allowable rent and tenants refused to sign it. A nonpayment proceeding for the rent provided for in the new lease was commenced against tenants and the court below awarded judgment to the landlord, finding that a nonpayment proceeding "is the appropriate remedy for the petitioner.”
RPAPL 711 (2) provides, in part, that a special proceeding may be maintained against a tenant, where "The tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held” (emphasis added). In analyzing the type of rent regulation in effect in this case, this court is of the opinion that there is no such "agreement” which can serve as an underpinning to the maintenance of a nonpayment proceeding and therefore the petition has to be dismissed.
In Stem v Equitable Trust Co. (238 NY 267, 269-270), the court stated:
"The primary, but not the only, purpose of the Emergency Rent Laws [rent control] was to prevent the wholesale eviction of tenants who were willing to pay a reasonable rent but who could not agree with their landlords to the amount to be paid. By suspending possessory remedies under the lease, these laws extended, against the will of the landlord, the right of the tenant to remain in possession of the leased premises so long as he continued to pay what the Laws style 'a reasonable rental’ or 'a reasonable rent or price for their use and occupation.’ The tenant thus remains in possession, not by virtue of any agreement, express or implied, either as to duration of term of amount of rent, but by virtue of the compulsion which the law exerts on the landlord to allow him to remain.
*716 "The tenant does not by remaining in possession tender an option * * * to allow him to remain as a tenant for any renewed or definite term. The tenant does not offer to remain in possession of the premises. He insists upon doing so. The landlord does not accept his proposition. The law forces it upon him. The tenant does not offer any proposition to the landlord upon which the conventional relation of landlord and tenant, as to length of term and amount of rent, based on offer and acceptance, can be inferred. To this extent the landlord is optionless and the tenant stands on his statutory rights which become the measure of his terms and of his liability.”
In speaking of rent control, it has been stated, "The landlord having demanded the maximum rent, the statutory tenant was obligated to pay the same so long as she remained on the premises” (Matter of Gabor v Feldman, 49 Misc 2d 44, 45).
The attributes of rent control, as described in the Stern case (supra) do not appear in the provisions of the Emergency Tenant Protection Act of 1974 (ETPA). That act, similar to rent stabilization, has an entirely different structure, which contains the attributes of a landlord-tenant relationship lacking in the case of a "statutory tenant”. Of importance under the ETPA is the fact that a lease of 1 or 2 years must be offered to an existing tenant and the tenant has the option of accepting or rejecting the lease and the option of choosing which of two terms he will accept. (See, 9 NYCRR 2503.5.) While the maximum rent is set by a Rent Guidelines Board, the acceptance of that rent, in a lease, remains the choice of the tenant. The ETPA does not mandate that, the tenant accept the renewal lease offered by the landlord and in fact the Emergency Tenant Protection Regulations provide that upon the tenant’s refusal to accept such a lease, that a holdover proceeding may be commenced (see, 9 NYCRR 2504.2 [f]). In view of this option given to the tenant, the holding of Matter of Jaroslow v Lehigh Val. R. R. Co. (23 NY2d 991) would seem to apply to a tenant under the ETPA so that no nonpayment proceeding could be commenced against the tenants herein who never accepted the renewal lease. While the Jaroslow holding would not appear to apply to a rent control tenant, such issue is not before the court at this time.
DiPaola, P. J., Stark and Collins, JJ., concur.