## (May 28, 1962)

■ MIRIAM AMENT, Appellant, v. ALBERT M. COHEN, Respondent.— In an action by a tenant against a landlord to recover alleged overpayments of rent for an apartment, treble damages and counsel fee, the tenant appeals, by permission of this court, from a resettled order of the Appellate Term, Second Judicial Department, entered March 28, 1961, affirming an order of the Municipal Court of the City of New York, rendered February 2, 1961, which denied her. motion for partial summary judgment on the first cause of action covering the claimed actual overcharge. Orders reversed, without costs, and motion granted. Plaintiff moved into the apartment on February 1, 1954. Thereafter, up to and including the month of December, 1959, she paid the rent demanded at the rate of $40 a month. A registration statement filed for the premises by defendant's predecessor in title stated that on March 1, 1943, the date rents were "frozen" under the provisions of the rent control laws, the rent for the apartment had been $20 a month. A proceeding by defendant to correct this record was dismissed by order of the Local Rent Administrator; he also determined the maximum rent for the apartment to be $23 a month. A protest to the State Rent Commission was denied and the order of the Local Administrator was affirmed. A proceeding in the Supreme Court under article 78 of the Civil Practice Act to annul this determination was dismissed on the merits; no appeal was taken from the order of dismissal. The order of the Rent Administrator determining the rent for the subject apartment to be $23 a month is conclusive; it may not be collaterally attacked (*Matter of Kliegman* v. *McGoldrick*, 285 App. Div. 1064; *Matter of Kliegman* v. *McGoldrick*, 285 App. Div. 1065; *Park View Gardens* v. *Greene*, 274 App. Div. 1062). The cases holding that oral testimony as to the rent actually paid on March 1, 1943 is admissible to rebut the amount set forth in the registration statement filed with the rent control office have no application where there is a valid subsisting order of the Rent Administrator determining the maximum rental. Accordingly no triable question of fact is presented with respect to the first cause of action, and plaintiff is entitled to partial summary judgment. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.