■ THOMAS J. BROIDRICK, JR., et al., as Trustees of the New York Building and Construction Industry Board of Urban Affairs Fund, et al., Respondents, v JOHN V. LINDSAY, as Mayor of the City of New York, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County, entered September 9, 1974, affirmed, without costs or disbursements. While we do not agree with petitioners' contention that the State has pre-empted the field of apprenticeship training and selection, nevertheless, its public policy in this respect has been set forth in subdivision 5 of section 815 of the Labor Law which provides that "apprentices shall be selected on the basis of qualifications alone, as determined by objective criteria which permit review, and without any direct or indirect limitation, specification or discrimination as to race, creed, color or national origin." The challenged regulations herein are clearly in conflict with such provision. For the above reason and because as stated by Special Term, the "regulations go beyond the bounds of merely setting up requirements for the making of bids on City contracts and are clearly beyond the scope of authority vested in the City Administrator", we affirm. Concur—Lupiano,

Tilzer and Capozzoli, JJ.; Stevens, P. J., and Kupferman, J., dissent in the following memorandum by Kupferman, J.: Plaintiffs, who are engaged in the building and construction trades in New York City, brought this article 78 proceeding, which was treated by Special Term as an action for declaratory judgment, to declare regulations, issued by a prior Deputy Mayor of the City of New York, unconstitutional and illegal on the ground that they were *ultra vires* his authority. Special Term granted summary judgment to the petitioners, and we dissent and would strike the third, fourth and fifth ordering paragraphs of the judgment, and otherwise affirm. The Deputy Mayor's rules and regulations issued pursuant to the Mayor's Executive Order No. 71 of April 2, 1968, set forth certain requirements as a condition for the award of any New York City construction contract, to insure that equal employment opportunity be afforded to all persons, without regard to race, creed, color or national origin. It needs no iteration to make clear that the law of the land requires such equal opportunity. (Griggs v Duke Power Co., 401 US 424.) It is, however, contended that the New York City Council having acted on the subject (Discrimination in Employment, Administrative Code of City of New York, § 343-8.0, that the Deputy Mayor exceeded his authority in promulgating the disputed regulations. The Administrative Code, obviously, cannot be entirely self-executing, and, therefore, regulations were necessary. *(United States v Grimaud,* 220 US 506.) Further, the City of New York may indeed set forth conditions for those who seek to do business with it, *McMillen v Browne* (14 NY2d 326, 330–331), and the Administrative Code provision (§ 343-8.0, subd c), makes the situation extremely clear by requiring that the wording of the pertinent parts of the section "appear on all contracts entered into by the city, and disobedience thereto shall be deemed a violation of a material provision of the contract."