■ In the Matter of Alice Johnson et al., Respondents, v Daniel W. Joy, as Commissioner of the Department of Rent and Housing Maintenance, Appellant, and St. Matthew's and St. Timothy's Housing Corp., Respondent.—Judgment of the Supreme Court, New York County, entered March 22, 1978, granting tenants' article 78 petition and annulling commissioner's determination denying tenants' protest against orders increasing maximum rents, unanimously reversed, on the law, and vacated, without costs and disbursements, and petition dismissed. In this rent proceeding where landlord obtained a loan under the auspices of the municipal loan program for the purpose of rehabilitating its premises, the landlord obtained from the rent commissioner a second rent adjustment to enable it to meet the obligations it incurred under the loan. We do not agree with the tenants' claim, accepted by Special Term, that section Y51-5.0 (subd g, par [1]) of the Administrative Code of the City of New York and section 33.9 of the Rent, Eviction and Rehabilitation Regulations providing for an "individual adjustment of maximum rents" and "an appropriate adjustment" permit but a single increase and that proper procedure was not followed in that tenants did not receive notice of the requested second increase nor did the commissioner issue an "order" granting the increase. The statute (Administrative Code, § Y51-5.0, subd g, par [1], cl [m]) and section 33.9 of the Rent, Eviction and Rehabilitation Regulations permit an increase when housing accommodations have been improved through loans from a governmental program. While these provisions do not specifically permit more than one increase and speak in terms of "an individual adjustment of maximum rents" and "an appropriate adjustment", there is no clear legislative intent to limit increases under these provisions to one increase. Hence the commissioner could properly order a second or modified first increase. "It is established law that the construction and interpretation by an administrative agency of the statute under which its functions *is entitled to the greatest weight" (Hotel Armstrong v Temporary State Housing Rent Comm.,* 11 AD2d 395, 402). (Emphasis added.) Nor may the tenants complain that the commissioner relied upon additional factors—increased operating expenses—in granting the second or "modified" first increase (see *Matter of Richardson v Starr,* 85 Misc 2d 476, 478). For, the simple fact remains that landlords who improve deteriorating housing by taking municipal loans are performing a service to this city, and should be encouraged to do so. If the instant "second" or "modified first" increase is not permitted, the landlord will be forced into bankruptcy and the tenants' leases will be jeopardized. As to the tenants' claims of lack of notice or hearing and Special Term's observation that the commissioner never issued a proper order increasing the rents for a second time, we note that the tenants and their attorneys participated in

the proceedings before the rent commission at all levels. Moreover, tenants are not constitutionally entitled to notice or an opportunity to be heard before rents are adjusted *(Bedford Bldg. Co. v Beame,* 38 NY2d 729, 731). Concur—Birns, J. P., Silverman, Evans, Fein and Lane, JJ.