■ In the Matter of HELEN KLAUS, Appellant, v DANIEL JOY, as Deputy Commissioner of the Department of Rent and Housing Preservation and Development, City of New York, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Deputy Commissioner of the Department of Rent and Housing Preservation and Development which denied a protest of an order of the district rent director, the petitioner appeals from a judgment of the Supreme Court, Kings County (Aronin, J.), entered January 28, 1980, which dismissed the proceeding, after denying petitioner's motion to consolidate the proceeding with an action by her landlord for arrears in rent now pending in the Civil Court, Kings County. Judgment affirmed, without costs or disbursements. Although the district rent director's order is binding on the Civil Court (*United County Realty Corp. v Kranert,* 35 Misc 2d 438) and may not be collaterally attacked (*Wasservogel v Meyerowitz,* 300 NY 125; *Ament v Cohen,* 16 AD2d 824) "[t]he order * * * itself is not made retroactive * * * Thus it does not direct tenant to pay anything to landlord; it does not establish rent as of a given date; it increases no rent; it decreases no rent. What it does is to establish an unknown fact, namely, [what] the maximum rent [was] on [a given date]". (*Thompson Props. v Di Biase,* 57 Misc 2d 1085, 1088.) Therefore, the conduct of the landlord, which according to the petitioner tenant constitutes laches and/or waiver, is irrelevant, no common question of law or fact existed, and the denial of petitioner's motion to consolidate was correct. In an article 78 proceeding, a specific objection to an order of the city rent agency cannot be considered by the court unless such objection has been first presented to the agency in the tenant's protest of the order (Administrative Code of City of New York, § Y51-9.0, subd a, par [2]; *Matter of La Russo v McGoldrick,* 232 App Div 720). Petitioner's claims that (1) the order in question is violative of the equal protection clause of the United States Constitution and the New York State Constitution; and (2) the district rent director was equitably estopped from issuing the order, appear nowhere in the petitioner's protest and therefore are not properly before this court. The order in question, which correctly established the maximum collectible rent at $79.55 per month as of January 1, 1972 and $85.52 per month as of January 1,

1973, has no retroactive effect and therefore cannot be said to be arbitrary and capricious. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.