### (January 19, 1982)

■ In the Matter of PHELPS MANAGEMENT COMPANY, Respondent, v ANTHONY GLIEDMAN, as Commissioner of the Department of Housing Preservation and Development of the City of New York, et al., Appellants, and BELNORD TENANTS' ASSOCIATION, Intervenor Respondent-Appellant. — Judgment, Supreme Court, New York County (Pecora, J.), entered March 10, 1981, which granted the petition of petitioner-respondent Phelps Management Company (Phelps), vacated the order expelling the subject premises from membership in the Rent Stabilization Association (RSA) and directed reinstatement to mem-

bership in RSA unanimously reversed, on the law, determination reinstated and confirmed, without costs. In this article 78 proceeding, the RSA had expelled the subject premises from membership for failure to pay membership dues after notice. Respondent claimed notice had not been received, through no fault of its own, and, in any event, the penalty of expulsion was greatly disproportionate to the offense involved. The test on judicial review of the decision of an administrative body is to determine whether its action was arbitrary or capricious. Did its determination have a rational basis? (See *Matter of Colton v Berman,* 21 NY2d 322.) We find support in the record for the determination and thus a rational basis exists here. An administrative agency's application of its regulations is entitled to the greatest weight. (See *Matter of Johnson v Joy,* 65 AD2d 701, affd 48 NY2d 689; see, in general, *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176.) "While expulsion may not, in the first instance, have been the sanction we would have imposed, it is, nonetheless, not 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness.' (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 223)" (*Matter of Thwaites Place Assoc. v New York City Conciliation & Appeals Bd.,* 81 AD2d 804). Concur — Murphy, P. J., Sullivan, Carro, Silverman and Fein, JJ.