■ In the Matter of JOHN COFFEY et al., Respondents, v DANIEL W. JOY, as Commissioner of the Department of Housing Preservation and Development of the City of New York, Appellant. — Judgment of the Supreme Court, New York County (Tyler, J.), entered on December 7, 1981, which granted the petition of petitioners-respondents John and Barbara Coffey to review and annul an administrative determination denying them a certificate of eviction to the extent of remanding the matter to respondent-appellant for reconsideration in accordance with the memorandum decision of Special Term, is reversed, on the law, without costs or disbursements, and the petition dismissed. On January 4, 1979, petitioners-respondents John and Barbara Coffey acquired the shares in a co-operative corporation at 1140 Fifth Avenue in Manhattan allocated to apartment 2A. The purchase was pursuant to an agreement containing a rider in which both the seller and the buyers acknowledged that the apartment was occupied by a tenant and that the buyers were familiar with the facts concerning a pending proceeding in the district rent office. However, on April 11, 1979, the respondents filed an application for a certificate of eviction to oust the tenant from the accommodation in question. They claimed that the co-operative sponsor and corporation had complied with all

the requirements of the rent control regulations, an assertion which is not supported by the evidence. It is evident from the record, including statements made at a protest hearing attended by the parties and their counsel, that the co-operative plan inaccurately asserted that the subject apartment, then occupied by the tenant and her now-deceased husband, was rent stabilized rather than rent controlled. This is significant in view of the third amendment to the plan, which provided that rent-controlled tenants could purchase shares at a lower price than that available to rent-stabilized tenants. Moreover, it is conceded that the tenant was not notified in writing of her exclusive right to purchase for a period of 60 days, was not served with a written notice declaring the plan effective and setting forth the terms of sales and names of purchasing rent-controlled tenants and was not informed that she had an additional 30-day period in which she had the exclusive right to buy the shares allotted to her apartment. She was also not advised of sales of stock subsequent to the effective date of the plan, and notices of such sales were not filed with the district rent director, as mandated by the rent regulations. According to the tenant, she was an "old-fashioned woman" whose late husband had handled all their business affairs and, thus, was not aware of whether he had ever received a copy of the co-operative plan or had considered purchasing shares in the corporation. Following her husband's death, she sought information from the Office of Rent Control as to the rent control status of her apartment and the correct monthly rental. The record also demonstrates that the respondents were not innocent purchasers who lacked knowledge of the circumstances surrounding the tenant's complaint of rent overcharging to the district rent office. On February 20, 1981, the rent commissioner issued a determination denying the respondents' appeal from the district rent director's denial of their application for a certificate of eviction on the ground that there was a complete lack of compliance with the rent regulations regarding the apartment at issue. Respondents thereafter commenced a proceeding under CPLR article 78. Special Term, in granting the petition to the extent of remanding the matter to appellant Daniel W. Joy, as Commissioner of the Department of Housing Preservation and Development, for reconsideration in accordance with its memorandum decision held, in part, that: "There is no showing in the record that tenant 2A was intentionally listed as rent stabilized rather than rent controlled or that the tenant in 2A was not given a copy of the conversion plan, or that she was unaware of the fact that the building was being converted and the attendant consequences of the conversion * * * The tenant in 2A may very well have been aware of the mistake and chose to remain quiet for reasons known only to her and by that action, may be legally estopped from objecting at this time to petitioners' application. The Commissioner failed to consider this possibility, or to inquire as to what notice tenant 2A was actually given, as opposed to what she was not given * * * Most importantly, tenant 2A cannot gain greater rights by what appears to be an unintentional mistake than she would have had she been correctly listed as rent controlled tenant if, by her knowledge and silence, she contributed to the continuation of the mistake, rather than asserting her rights in timely fashion and correcting a knowing mistake." The law is clear that the construction and interpretation of an administrative agency of the statute under which it functions or its own regulations are " '*entitled to the greatest weight*' " by the courts. (*Matter of Johnson v Joy*, 65 AD2d 701; *Hotel Armstrong v Temporary State Housing Rent Comm.*, 11 AD2d 395.) It is undisputed that the sponsors of the co-operative conversion did not satisfy the requirements of the rent regulations with respect to the subject apartment. The courts may not overturn the decision of an administrative agency which has a rational basis and which was

not arbitrary and capricious. (*Matter of Pell v Board of Educ.*, 34 NY2d 222.) A rational basis exists where the administrative determination is supported by substantial evidence. (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176.) Even assuming that the tenant was aware of the mistake regarding the status of her apartment and failed to communicate such knowledge, that does not relieve sponsors and co-operative associations from their obligations under the rent regulations. To hold otherwise would be to burden tenants with the responsibility of directing the sponsor's attention to possible defects in the conversion plan upon penalty of eviction, and to encourage noncompliance with statutory and regulatory requirements on the part of co-operative sponsors. Consequently, Special Term improperly granted the petition by remanding the matter to the administrative agency for further consideration. Concur — Sandler, Asch, Milonas and Alexander, JJ. Kupferman, J. P., dissents and would affirm.