■ In the Matter of MARION BUHAGIAR, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—Order of this court, entered on November 24, 1987 [134 AD2d 966], unanimously affirming a judgment of the Supreme Court, New York County (Francis Pecora, J.), entered on or about April 20, 1987, is, sua sponte, withdrawn and a new order and memorandum opinion substituted therefor unanimously reversing on the law the judgment appealed from, dismissing the petition and reinstating the administrative determination, without costs or disbursements.

Following the submission by respondent-appellant State Division of Housing and Community Renewal (DHCR) of a motion for leave to appeal to the Court of Appeals from an order of this court, entered on November 24, 1987, this court

has had occasion to reconsider its previous decision and finds that, in affirming the judgment appealed from, we erred as a matter of law. Pursuant to our inherent authority, we now withdraw our prior order and substitute therefor a new order and memorandum opinion.

Petitioner-respondent Marion Buhagiar is the owner of a building located at 402 West 20th Street in Manhattan. This building is a five-story walk-up containing five apartments (one on each floor) and a basement not used for residential purposes. In April of 1982, petitioner filed an application for a certificate of eviction of the tenant of apartment number 3, a six-room rent-controlled apartment. According to petitioner, she resides with her daughter in a five-room apartment; she intends to use the premises for the occupancy of herself and her daughter; she purchased the building in 1981 with the intention of moving in; her current accommodations are smaller than those in the building which she owns, and she is paying more rent than are her tenants. In response, the tenant alleged that the landlord is not acting in good faith, that petitioner's present apartment is not dissimilar in size and rent to his own and that the eviction is being sought simply to obtain decontrol of the premises.

A conference was thereafter conducted by respondent-appellant New York State Division of Housing and Community Renewal, at the conclusion of which the rent examiner determined that the landlord is proceeding in good faith within the meaning and intent of the Rent and Evictions Regulations and recommended that a certificate of eviction be granted. Pursuant to the findings of the rent examiner, the District Rent Director issued an order on January 11, 1983 granting a certificate of eviction. The tenant then filed a protest or administrative appeal in which he claimed that the order was contrary to fact and law and requested a new hearing. In an affidavit, he stated that sometime in the fall of 1983, apartment number 5 in the subject building had become vacant; that the landlord did not occupy it or offer it to the tenant, that it was rented to others in February of 1984 and that the landlord was, therefore, guilty of bad faith.

Another conference ensued. The landlord testified that she had offered the fifth-floor apartment to the tenant but at a decontrolled rent of approximately $2,000 per month. She also supplied a physician's statement that she is suffering from a chronic knee condition and hypertension which makes it inadvisable for her regularly to climb five flights of stairs. However, while the administrative appeal was pending, sec-

tion Y51-6.0 of the Administrative Code of the City of New York was amended to require that all owners of rent-controlled accommodations seeking a certificate of eviction for their personal use and occupancy establish an immediate and compelling necessity, as well as good faith, for the subject accommodation (now Administrative Code § 26-408 [b]). The amendment further provided that the act was to take effect immediately and to apply to any tenant then in possession.

The Commissioner then held a hearing to examine the issue of immediate and compelling necessity. The landlord stated that she resides with her daughter in an apartment which she rents for $512 per month. She earns her living as a business journalist and ghost writer on business matters and possesses numerous books and files concerning economics and business. As of September 1, 1984, she was no longer working for Boardroom Reports, her previous employer, and she transferred the entire contents of her former office to her apartment. In addition, she maintains a computer, a large file cabinet and several cartons of files in her bedroom, and she utilizes the living room table as a work area. The landlord also contended that because the living room is serving as a workplace, it is difficult for both her and her daughter to entertain visitors. Moreover, she asserted that her daughter and herself lacked privacy because their bedrooms adjoin each other. In the view of the landlord, the apartment which she seeks to obtain has a superior layout and more space than the one in which she is currently living. Upon cross-examination by the tenant, she acknowledged that she has started a business with an associate and that the new company's office is located in the basement of the subject building.

On December 20, 1985, after affording the parties an opportunity to submit written statements, the Deputy Commissioner for Rent Administration issued an order granting the tenant's administrative appeal, determining that the landlord had failed to establish an immediate and compelling necessity to recover possession of the subject apartment as her present accommodation provides adequate space for residential use with separate bedrooms for the landlord and her daughter. Subsequently, the landlord commenced the instant CPLR article 78 proceeding challenging the administrative decision. Respondent then cross-moved to remit the matter for further consideration to ascertain whether the landlord petitioner meets the requirements of both good faith and immediate and compelling necessity. The Supreme Court denied the cross motion and directed DHCR to file an answer to the petition.

In thereafter granting the petition, the court concluded that "immediate and compelling necessity" is not synonymous with "inadequate housing" and that "it is not for DHCR to determine what conditions are sufficient for petitioner to live under."

The law is well settled that the scope of judicial review of an administrative determination such as the instant one is limited to ascertaining whether it is rationally based. As this court explained in *Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.* (112 AD2d 72, 76, *affd* 66 NY2d 1032): "The issue is not the truth or accuracy of the proof upon which the CAB based its determination. It was, rather, the reasonableness of the CAB's conclusions. Where such administrative determinations are made by the agency responsible for the administration of the law, the court is not to substitute its judgment for that of the agency. Even though the court might have decided differently were it in the agency's position, the court may not upset the agency's determination in the absence of a finding, not supported by this record, that the determination had no rational basis *(Matter of Plaza Mgt. Co. v City Rent Agency*, 48 AD2d 129, *affd* 37 NY2d 837; *Minton v Domb*, 63 AD2d 36; *Matter of Cale Dev. Co. v Conciliation & Appeals Bd., supra)."

In the matter before us, the record clearly shows that petitioner and her daughter occupy a five-room apartment and have separate bedrooms; that there is, in addition, a 7-by-11 back room in the premises from which the landlord wishes to move; that the tenant's apartment is not substantially larger than the landlord's present accommodation; that the primary reason for her purported immediate and compelling need of the subject apartment is that she has filled her home with files and books; that much of her testimony concerned her need for business, not residential space; that she sought to gain full market value for the fifth-floor apartment when it became available rather than moving in herself or, in the alternative, arranging for an exchange of apartments with the third-floor tenant; and that, even taking into account her business needs, the basement apartment, now housing the new company which she and an associate have started, also provides ample space for her books and files. Certainly, under these circumstances, it cannot be found that there was no rational basis for the administrative decision. In that connection, immediate and compelling necessity means more than simple desire or inconvenience *(Matter of Friedman v Weaver*, 3 NY2d 123). Since the statutory scheme gives respondent

agency exclusive jurisdiction with respect to whether a landlord should be granted a certificate of eviction, and DHCR's denial of petitioner's application was rationally based, the Supreme Court should have dismissed the petition herein.

Motion for leave to appeal to the Court of Appeals denied. *Sua sponte*, the order of this court entered on November 24, 1987 (134 AD2d 966) recalled and vacated and a new order and memorandum decision substituted therefor. Concur—Kupferman, J. P., Sullivan, Ross and Milonas, JJ.