OPINION OF THE COURT
Herman Cahn, J.
Petitioner seeks a judgment pursuant to CPLR article 78, annulling respondents’ determination denying petitioner’s application for a master electrician’s license, and directing respondents to issue petitioner a license.
Respondents’ denial of petitioner’s application appears to have been based upon two grounds. First, that petitioner’s part-time night school coursework cannot be credited towards *1024 the license requirements, as they allegedly require full-time day instruction. Second, respondents claim that petitioner lacks the required number of years of experience under section 27-3010 (a) of the Administrative Code of the City of New York to qualify for a master electrician’s license.
The applicable section of the Administrative Code is section 27-3010, regarding qualifications of applicants for licenses. The various sections list the different combinations of work experience and education which qualify applicants for a license. Respondents have cited no authority for their position that part-time night courses are insufficient to satisfy the education requirements, and nothing in the Administrative Code requires that courses be based on a full-time, day curriculum. Therefore, there is no rational basis for respondents’ denial of petitioner’s application upon this ground.
Respondents’ second ground for denial of petitioner’s application is equally unsupported. Respondents claim that four years of experience as an apprentice are required under Labor Law § 815 to become a journeyman. Thus, argues respondent, the IVi years of work experience required by Administrative Code § 27-3010 (a) becomes a total of IIV2 years, since the 4 years mentioned in section 815 of the Labor Law are to be added to the IV2 years. However, in this regard the Labor Law section is not a mandate for a specific number, merely a suggestion of standards. Where the City of New York’s standards are higher, as here, the Labor Law suggested number is not to be added to the city number. Section 815 of the Labor Law, in any event, does not preempt the field of apprenticeship training. (Broidrick v Lindsay, 48 AD2d 639, affd 39 NY2d 641.) The city’s standards amply meet the Labor Law suggestion. Thus the second ground upon which respondents based their denial of petitioner’s application is also not a rational basis for their decision.
The applicable standard of review is whether respondents’ determination was rationally based (Matter of Pell v Board of Educ., 34 NY2d 222, 231 [1974]; Matter of Buhagiar v New York State Div. of Hous. & Community Renewal, 138 AD2d 226 [1st Dept 1988]). On the record before this court there was no rational basis for respondents’ determination.
Accordingly, the application is granted to the extent of annulling respondents’ determination denying petitioner’s application for a license. The matter is remanded to respondents for further proceedings in accordance with this decision.