■ In the Matter of PHYLLIS HAWKES, Appellant, v KATHY A. BENNETT et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered July 26, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* declare the Civil Service Commission's declination of jurisdiction over petitioner's probationary termination appeal to be arbitrary, capricious and contrary to law.

On August 21, 1986, petitioner was given notice that her probationary appointment as a psychiatric social worker with respondent State Office of Mental Health (hereinafter OMH) was terminated effective October 15, 1986. On November 7, 1986, petitioner appealed the termination to the State Civil Service Commission (hereinafter CSC), detailing her claim that OMH violated 4 NYCRR 4.5 (a) (5) (iii)* by failing to carefully observe her conduct and performance and to advise her of her status and progress from time to time during the probationary period so she could make necessary improvements. CSC advised petitioner by letter that it would assess

---

* 4 NYCRR 4.5 (a) (5) (iii) provides: "The probationer's supervisor shall carefully observe his conduct and performance and, at least two weeks prior to the end of the probationary term, shall report thereon in writing to the proper appointing authority. The supervisor shall also, from time to time during the probationary term, advise the probationer of his status and progress. A probationer whose services are to be terminated for unsatisfactory service shall receive written notice at least one week prior to such termination and, upon request, shall be granted an interview with the appointing authority or his representative."

the allegations made in her correspondence to determine whether there was a sufficient basis upon which to conclude that it should assume jurisdiction. CSC then contacted OMH, which reported its position on the matter on December 10, 1986. By letter dated January 13, 1987, petitioner was notified that counsel to CSC had reviewed the records submitted and had determined that OMH substantially complied with 4 NYCRR 4.5. Accordingly, CSC declined jurisdiction over petitioner's appeal. On May 13, 1987, petitioner commenced this CPLR article 78 proceeding seeking a declaration that CSC's determination to decline jurisdiction over petitioner's appeal was arbitrary and capricious. Supreme Court dismissed the petition and petitioner appeals.

We affirm. In our view, although CSC had discretion under Civil Service Law § 6 (3) to consider petitioner's claim, petitioner has no enforceable legal right to compel CSC to exercise jurisdiction over the claim. We reject petitioner's contention that either 4 NYCRR 4.5 (a) (5) (iii) or State Personnel Management Manual Advisory Memorandum No. 86-02 of the State Department of Civil Service, dated June 24, 1986, provides a right of appeal to CSC. The former makes absolutely no reference to an appeal to CSC. The latter, issued by CSC's president, advised State civil service employers of this court's interpretation of the procedural requirements of 4 NYCRR 4.5 (a) (5) (iii) in *Matter of Green v Commissioner of Envtl. Conservation of State of N. Y.* (105 AD2d 1037), stressed the importance of and recommended means of insuring compliance with those requirements and gave the following admonition: "The State Civil Service Commission does not review the merits of an appointing authority's decision to terminate a probationer and, therefore, does not accept appeals challenging the accuracy of an employer's evaluation of probationary performance. *The Civil Service Commission will, however, exercise jurisdiction in matters alleging procedural defects in an agency's administration of the rule described above*" (emphasis supplied).

The clear wording of the memorandum supports CSC's position that it was not intended to create a right of appeal but, rather, to advise of CSC's existing discretion to exercise jurisdiction in appropriate cases. An agency's interpretation of its own regulations is " 'entitled to the greatest weight' " by the courts *(Matter of Coffey v Joy,* 91 AD2d 923, 924, *affd* 59 NY2d 643; *see, Matter of Great Lakes-Dunbar-Rochester v State Tax Commn.,* 65 NY2d 339, 343). Moreover, the memorandum, clearly fitting within the definition of "forms and

instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory" (State Administrative Procedure Act § 102 [2] [b] [iv]; *see, Leichter v Barber,* 120 AD2d 776), could not create a procedural remedy at any rate. Neither are we persuaded that CSC's declination of jurisdiction foreclosed petitioner's right to adequate judicial review. Petitioner was entitled to and did not commence a CPLR article 78 proceeding against OMH within four months of notice of termination or the effective date of discharge, if later *(see, Matter of De Milio v Borghard,* 55 NY2d 216, 220).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.