■ In the Matter of ROZMAE REALTY, Respondent, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant, and STEPHANIE GORDON et al., Intervenors-Respondents.—Judgment of the Supreme Court, New York County (Francis N. Pecora, J.), entered December 14, 1988, which granted a petition by the landlord to review an administrative determination on lawful rent to the extent of remanding the matter to the agency for redetermination of rent overcharges, unanimously reversed on the law, the determination confirmed and the petition denied and dismissed, without costs.

When petitioner landlord failed to supply respondent Division of Housing and Community Renewal (DHCR) with a rent history of the rent-stabilized apartment as to which rent overcharge had been alleged, DHCR determined, in accordance with the governing rules and regulations, that the legal rent for the subject apartment would be the same as that charged for the least expensive stabilized apartment of the same size in the landlord's housing complex. The landlord now urges that the apartment used by DHCR to establish the legal stabilized rent of the apartment in question was not the same size or otherwise comparable to the apartment whose legal rent was at issue. This contention, however, was not raised in the administrative proceedings before DHCR, and may not be considered for the first time in the judicial review of those proceedings pursuant to CPLR article 78 (*Matter of Klaus v Joy*, 85 AD2d 603).

Moreover, even if it were proper to address the landlord's newly raised claim, we would find it to be without merit. Both the apartment as to which the legal stabilized rent is disputed and the apartment which has been deemed comparable for purposes of determining the rent to be charged are listed by the landlord in its registration statements filed with DHCR as two-room apartments. Clearly then there was a rational basis for the agency's conclusion that the apartments were comparable. Having found that there was a rational basis for DHCR's determination, that is where our inquiry must end. The limited purpose of judicial review of agency determinations pursuant to CPLR article 78 is not to substitute judicial conclusions for those of the agency, but simply to assure that the agency's determinations are rationally supported (*Matter*

*of Bambeck v State Div. of Hous. & Community Renewal,* 129 AD2d 51, *lv denied* 70 NY2d 615; *Matter of Phelps Mgt. Co. v Gliedman,* 86 AD2d 540; *Matter of Buhagiar v New York State Div. of Hous. & Community Renewal,* 138 AD2d 226; *Matter of Rose Assocs. v State Div. of Hous. & Community Renewal,* 121 AD2d 185, *lv denied* 69 NY2d 601). Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.