■ In the Matter of ARTHUR T. MOTT, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [595 NYS2d 98] —In a proceeding pursuant to CPLR article 78 to review (1) a determination of the appellant New York State Division of Housing and Community Renewal, dated August 24, 1989, which directed the petitioner to restore services by replacing carpeting in the subject building and ordered a rent reduction effective March 1, 1989, based on its finding that the petitioner had failed to maintain services in violation of the Emergency Tenant Protection Act of 1974, and (2) a determination of the appellant, dated June 12, 1990, which denied a petition for administrative review, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), dated December 20, 1990, as granted the petition to the extent of directing the respondent to establish September 1, 1989, as the effective date of the rent reduction.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the determinations under review are confirmed, and the proceeding is dismissed on the merits.

The New York State Division of Housing and Community Renewal (hereinafter the DHCR) contends that the Supreme Court erred in directing it to establish September 1, 1989, as the effective date for the rent reduction awarded to the petitioner's tenants. We agree. As a general rule, judicial review of an administrative determination is limited to the record adduced before the agency *(Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd.,* 110 AD2d 704),* and in a proceeding pursuant to CPLR article 78, a specific objection to an order of the DHCR should not be considered by the court unless the objection has been first presented to the agency *(see, Matter of Yonkers Gardens Co. v State of New York Div. of Hous. & Community Renewal,* 51 NY2d 966; *Matter of Rozmae Realty v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 160 AD2d 343;

*Matter of Klaus v Joy,* 85 AD2d 603). Since the petitioner did not raise the issue of whether the DHCR established the proper commencement date for the rent reduction in his administrative appeal, this issue was not properly before the Supreme Court. In any event, we note that the DHCR's determination that the rent reduction should take effect as of the first rent payment date after the petitioner received notification of the tenants' complaint is supported by a rational basis in the record and should not have been disturbed by the Supreme Court *(cf., Matter of Yonkers Garden Co. v New York State Div. of Hous. & Community Renewal,* 63 AD2d 679). Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.