■ In the Matter of DOMINICK LICARI, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants. [666 NYS2d 173] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 10, 1996, which found respondents' determination respecting petitioner's retirement benefits arbitrary and capricious and remanded the matter to New York City Employees' Retirement System (NYCERS) for further consideration, unanimously reversed, on the law, without costs, the application denied and the petition dismissed.

During his employment as a foreman with the Bureau of Water Supply, Department of Water Resources, petitioner was assigned to the Upstate Watershed area and inhabited a house owned by the City of New York at the Middle Branch Reservoir in Putnam County. The house, known as the Middle Branch Maintenance House, was occupied by petitioner pursuant to a revocable permit the terms of which required petitioner's payment of monthly use and occupancy and his upkeep of the house's plumbing, electrical and heating systems. Petitioner in this proceeding pursuant to CPLR article 78 seeks to compel respondent NYCERS to treat his housing in the Middle Branch Maintenance House as "maintenance" within the meaning of Rules of NYCERS, rule 17 and so to have his gross compensation augmented for the purpose of computing his retirement benefits. In this connection rule 17 provides: "When there is no

specific budgetary determination by the Board of Trustees of the gross compensation of a member to whom maintenance is allowed in the Budget, his or her earnable cash compensation, exclusive of maintenance, shall be increased by 50 per cent, for the purpose of computing the gross earnable compensation to be used as a basis for deductions from compensation for annuity purposes and for the payment of retirement and other benefits."

While petitioner's permit to occupy "Maintenance House" on highly favorable economic terms during his employment at the Middle Branch Reservoir might in common parlance be characterized as an employment benefit in the nature of maintenance, we think it clear that such characterization is not sufficient to compel petitioner's inclusion within the class of NYCERS members' rule 17 benefits. By its terms, that rule benefits only those members "to whom maintenance is allowed *in the Budget*" (emphasis supplied). And, as it is undisputed that petitioner is not a member to whom maintenance is allowed in the budget, it follows that petitioner does not come within the rule's beneficial ambit. Indeed, even if there were some ambiguity in the subject rule respecting which NYCERS members it was intended to benefit, we would still be obliged to acquiesce in respondent agency's interpretation of its own rule, provided that that interpretation is not irrational (*see, Matter of Coffey v Joy*, 59 NY2d 643, *affg* 91 AD2d 923; *Matter of Tommy & Tina v Department of Consumer Affairs*, 62 NY2d 671, *affg* 95 AD2d 724). Respondent's interpretation of rule 17, tracking as it does the rule's express requirement that there be a budgetary provision for maintenance in favor of any member qualifying for a benefit accorded pursuant to the rule, would appear eminently rational and that is where our inquiry pursuant to CPLR article 78 must end. Concur—Murphy, P. J., Sullivan, Wallach, Tom and Andrias, JJ.