OPINION OF THE COURT
Per Curiam.
Order dated February 7, 1997 reversed, with $10 costs, and tenant’s motion to dismiss the nonpayment petition is denied.
*939 Tenant in this nonpayment proceeding seeks to offset a Division of Housing and Community Renewal (DHCR) rent overcharge award obtained against the predecessor owner. The present landlord acquired title in August 1993 after a judgment of foreclosure and judicial sale as assignee of the foreclosing mortgagee. The Rent Stabilization Code contains an exemption from carryover liability for rent overcharges where the current owner purchased at a judicial sale and “no records sufficient to establish the legal regulated rent” were provided at such sale (9 NYCRR 2526.1 [f] [2]). That exemption applies to successor purchasers such as landlord herein (Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545). Civil Court erred in concluding as a matter of law that landlord received records sufficient to establish the legal regulated rent or apprise it of the prior rent overcharge at the time it took title. The June 25, 1993 stipulation executed between the receiver in foreclosure and various tenants is not dispositive since the legal rent set forth for the tenant in annexed schedule C is $823.23, not $350 as determined in the DHCR order. Nor is there any record evidence of fraud or collusion by landlord with any prior owner. Accordingly, summary judgment should not have been granted in tenant’s favor on the issue of the applicability of the Rent Stabilization Code exemption for successor owners.