■ In the Matter of SALESIAN SOCIETY, INC., Respondent, v VILLAGE OF GOSHEN et al., Respondents, and DAVID COHEN et al., Intervenor-Appellants. [682 NYS2d 97] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents which refused to exempt certain parcels of real property from taxes pursuant to Real Property Tax Law § 420-a and denied the petitioners' application to expunge the taxes imposed upon the property, the intervenor Metrofund Ltd., appeals, as limited by its brief, from stated portions of a

judgment of the Supreme Court, Orange County (Dillon, J.), dated December 18, 1997, as, *inter alia*, granted the petition to the extent that it found a 5.8-acre parcel of the subject property, known as parcel 105-1.2.1-1, to be exempt from taxes as cemetery property and dismissed the remainder of the petition as academic, and the intervenor David Cohen separately appeals, as limited by his brief, from so much of the same judgment as granted the petition to the extent that it found that the entire property was exempt from taxation pursuant to Real Property Law § 450. The intervenors' notices of appeal from an order dated December 12, 1997, are deemed to be premature notices of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is modified by deleting from the first decretal paragraph thereof the provision that the real property known as parcel 105-1.2.1-1 is cemetery property and is exempt from taxation pursuant to Real Property Law § 450, and substituting therefor a provision denying the petition to that extent and severing so much of the petition as concerns that parcel; as so modified the judgment is affirmed insofar as appealed from, with one bill of costs to the appellants, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith.

The Supreme Court improperly granted the petition to the extent of expunging taxes assessed on so much of the subject real property as is known as parcel 105-1.2.1-1. The petitioner failed to raise its claim that that 5.8-acre parcel was exempt under Real Property Law § 450 because it was used as cemetery property until the respondents' refusal to expunge taxes imposed on the ground that the property was exempt under Real Property Tax Law § 420-a, which they sought to review in the instant proceeding (*see, Matter of Leogrande v State Liq. Auth.,* 19 NY2d 418; *Matter of Mott v New York State Div. of Hous. & Community Renewal,* 191 AD2d 566). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of the other issues raised in the petition insofar as they concern that parcel.

The Supreme Court erroneously determined that the entire 10 acres of the petitioner's property was cemetery property pursuant to Real Property Law § 450, as that statute was not applicable to the issue of taxation and assessments of the petitioner's property (*see,* Real Property Law § 450 [2]; RPTL 446). However, we decline to search the record and grant judgment in favor of the intervenors as these issues were raised for the first time on appeal (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425).

The intervenors' remaining contentions are without merit. Rosenblatt, J. P., Copertino, Thompson and Joy, JJ., concur.