OPINION OF THE COURT
Edward H. Lehner, J.
In this CPLR article 78 proceeding, petitioner tenant chai *419 lenges the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated June 5, 1998, holding that knowledge of a Rent Administrator’s order of overcharge does not constitute knowledge of a rental history so as to deprive a new owner of the judicial sale exemption to landlord carryover liability for rent overcharges (Rent Stabilization Code [9 NYCRR] § 2526.1 [f] [2]). Such purchaser, Leslie Ogrin, has cross-moved to intervene, which application is granted without objection.
Facts
Intervenor Ogrin acquired title to the property at a 1992 judicial sale, at which time there was in existence an order of a Rent Administrator dated March 23, 1990 (RA order) determining that petitioner had sustained a rent overcharge of $101,218.52. At the time of the sale there was a pending administrative appeal (PAR) from such order.
Petitioner submitted an affidavit to respondent sworn to May 31, 1994, in which he avers that he had a conversation with Ogrin “prior to his purchase of the building” regarding the overcharge award. By letter dated June 29, 1994, Ogrin acknowledged that he “became aware of the overcharge just prior to the closing of title [and] was also aware of the fact that a PAR had been filed by the prior owner against the overcharge order”. In the petition now before the court, petitioner asserts (fl 19) that “Mr. Ogrin knew of the prior overcharge award prior to his purchase of the building”. In his proposed answer, Ogrin denies so much of such allegation “as alleges that intervenor knew the exact nature of the overcharge or the rents upon which it was based”.
However, what this court finds to be crucial is that while Ogrin acknowledges that he possessed knowledge of the overcharge prior to acquiring title to the building, there is no claim by petitioner in the proceeding before respondent, or even before this court, that Ogrin had knowledge of the overcharge or had any rent records at the time of the judicial sale.
In its PAR decision dated April 18, 1997, respondent determined that Ogrin was jointly and severally liable (with the prior owner) for the overcharge (which had been reduced to $62,848.79 based on the cost of certain improvements which respondent determined should be offset against the overcharge). In ruling that the judicial sale exemption was inapplicable, respondent stated: “Further, although the current owner may *420 have purchased the subject premises at a judicial sale, it purchased after the Rent Administrator’s order had been issued, and the overcharge did not result from a failure to obtain rent records. Accordingly the provisions of Section 2526.1 (f) (2) of the Rent Stabilization Code, limiting overcharge penalties in the case of judicial-sale purchasers who did not receive sufficient rent records, is not applicable.”
In a subsequent article 78 proceeding commenced by Ogrin, the petition was withdrawn by stipulation dated September 23, 1997 between Ogrin and respondent, the parties agreeing to await a determination by the Court of Appeals of a case then pending before it. The decision in that case, Matter of Gaines v New York State Div. of Hous. & Community Renewal (90 NY2d 545 [1997]), was issued on October 16, 1997, and by stipulation dated March 18, 1998 between Ogrin and respondent (petitioner herein apparently not having intervened in that proceeding), the matter was remitted to respondent “for further processing”.
By order dated June 5, 1998, respondent, without discussion of the decision in the Gaines case (supra), reversed its position and found the judicial sale exemption applicable and that therefore Ogrin was not liable for the overcharge. In so ruling respondent concluded: “The previous Order and Opinion employed the theory that an Administrator’s order that an owner receives is equivalent to a rental history of the subject accommodations, so that one who purchases out of foreclosure with knowledge of such an order could not be said to have received insufficient records within the meaning of the provision excusing such purchasers from liability for predecessors’ overcharges. In this case, however, the Administrator’s order had not become final because an owner’s PAR thereof was pending; the order was not therefore the equivalent of a rental history, leaving the foreclosure exemption in the Code applicable to Ogrin.”
Discussion
The standard of review in this article 78 proceeding is whether the “determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; see also, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]). “Arbitrary action is without sound basis in reason and is generally taken without regard to the facts.” (Matter of Pell v Board of Educ., 34 NY2d 222, 231 *421 [1974].) The “court’s scope of review [therefore] is limited to an assessment of whether there is a rational basis for the administrative determination without disturbing underlying factual determinations” (Matter of Heintz v Brown, 80 NY2d 998, 1001 [1992]). Furthermore, the Court of Appeals has “repeatedly held that the interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable” (Gaines v New York State Div. of Hous. & Community Renewal, supra, at 548-549). Hence, the “ judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative bod/ ” (Ostrer v Schenck, 41 NY2d 782, 786 [1977]).
Rent Stabilization Code (9 NYCRR) § 2526.1 (f) (2) (the Code) provides: “For overcharge complaints filed or overcharges collected on or after April 1, 1984, a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner. However, in the absence of collusion or any relationship between such owner and any prior owner, where no records sufficient to establish the legal regulated rent were provided at a judicial sale, a current owner who purchases upon such judicial sale shall be liable only for his or her portion of the overcharges, and shall not be liable for treble damages upon such portion resulting from overcharges caused by any prior owner.”
In Gaines v New York State Div. of Hous. & Community Renewal (supra), the Court upheld the determination of DHCR that the judicial sale exemption is applicable to a landlord who was the successor to the purchaser at the judicially ordered sale. It was noted that courts had, prior to the adoption of the Rent Stabilization Code exemption, employed the exemption “because the debtor/owner would have no incentive to furnish records to the purchaser; and * * * imposing such liability on judicial sale purchasers would have an adverse impact on marketability in such sales” (at 549). In concluding as it did, the Court went to great pains to emphasize that the exemption applies to a purchaser “at” the judicial sale.
Here, as indicated above, there is no claim that Ogrin had any knowledge of the RA order of overcharge or had any rent history records at the time he became the successful bidder at the foreclosure sale. The fact that he became knowledgeable of the overcharge prior to closing of title (though it is not clear whether or not he had seen the RA order prior thereto) is not relevant to the application of the exemption as knowledge *422 obtained by a purchaser after becoming contractually obligated to acquire a building is not information that should deprive the purchaser of the protection. Without such knowledge at the time of the auction, a purchaser’s bid would be based on freedom from any liability for any prior rent overcharge. This freedom, as indicated in Gaines (supra), has a positive effect on marketability.
Based on the foregoing, the court believes that the determination of the applicability of the exemption should be sustained, but on grounds other than that set forth by respondent, to wit: the. absence of a claim of knowledge by Ogrin of the RA order at the time of his bid at the judicial sale. However, the court lacks the power to make such a finding. As stated in Matter of Trump-Equitable Fifth Ave. Co. v Gliedman (57 NY2d 588, 593 [1982]): “A fundamental principle of administrative law * * * limits judicial review of an administrative determination solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis”.
In examining the basis on which respondent determined that Ogrin was entitled to the exemption for judicial sales, the court concludes that such determination lacks a rational basis. The underlying RA order of March 23, 1990 states that the prior owner had submitted “a copy of the lease in effect on April 1, 1981, the base rent date, and all leases subsequent thereto”. Thus, the RA order was based on an examination of the entire rental history of the subject apartment. Knowledge by a bidder of such a ruling, which recites an examination of the rent history, is clearly information that should put a purchaser at a judicial sale on notice of an overcharge. Such information is at least equivalent to that referred in the subject Code regulation (“records sufficient to establish the legal regulated rent” [9 NYCRR 2526.1 (f) (2)]). That the order was subject to a pending PAR, should not negate this notice of the overcharge.
In its memorandum of law respondent argues that the “RA order itself was not a rental history but was based on the demonstrated absence of such records” (at 10). However, it does not appear that this statement accurately reflects the record. While the RA order does state that “[t]o date the owner has failed to respond”, this statement clearly refers to the request for “copies of canceled checks * * * to substantiate payment of the renovation and the new equipment for the subject apartment”. Such material was requested in connection with the prior *423 owner’s application for a rent increase based on improvements to the apartment. Insofar as information with respect to the rental history is concerned, as indicated above, the RA order indicates that the prior owner submitted all of the necessary leases. While the RA order does state that the owner failed to submit evidence that the overcharge was not wilful, this in no way substantiates the aforesaid contention of respondent as to proof on the issue of rental history.
Accordingly, the determination of respondent to not consider what knowledge Ogrin had of the RA order is found to be arbitrary and capricious and therefore is set aside. Consequently, this matter is remitted to respondent for a factual determination as to the knowledge of the rent overcharge possessed by Ogrin at the time he bid at the judicial sale, and to otherwise proceed consistent with the foregoing. (See, 247 W. 11th St. Realty Assocs. v Houser, 177 Misc 2d 938 [App Term, 1st Dept 1998].)
As for the claim that there is insufficient evidence of proof of a judicial sale, this contention was not raised in the administrative proceeding and may not be considered for the first time in the judicial review thereof (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756 [1st Dept 1982], affd 58 NY2d 952 [1983]; Matter of Rozmae Realty v State Div. of Hous. & Community Renewal, 160 AD2d 343 [1st Dept 1990], Iv denied 76 NY2d 712 [1990]). To the extent that petitioner seeks a judgment against Jonis Realty, that request must be denied as said entity was not a party to the agency proceeding being reviewed.