Fordham Fulton Realty Corp., Petitioner-Landlord-Appellant, -
against
Nelson De Leon, Respondent-Tenant-Respondent.




Landlord appeals from that portion of an order of the Civil Court of the City of New York, Bronx County (Kimon C. Thermos, J.), dated March 13, 2018, which granted tenant's motion for summary judgment dismissing the petition in a nonpayment summary proceeding.




Per Curiam.
Order (Kimon C. Thermos, J.), dated March 13, 2018, insofar as appealed from, affirmed, without costs.
On June 6, 2012, DHCR issued an order granting tenant an overcharge award against the then-owner in the amount of $38,639.75. Thereupon, tenant began crediting this award against the rent due the present owner, who acquired title on September 21, 2012. On November 4, 2016 a second DHCR order was issued, finding that tenant was still being incorrectly charged and granting tenant a second overcharge award in the amount of $12,210.42. 
This nonpayment proceeding ensued, in which landlord admittedly sought monthly rent from tenant far in excess of the legal regulated rent as determined by DHCR, as well as the lease amount. Upon tenant's motion for summary judgment, Civil Court dismissed the petition on the ground that no rent is owed because tenant is still deducting the overcharge award from the rent as it accrues. The Court also rejected landlord's contention that it is shielded from carryover liability for the overcharge award pursuant to Rent Stabilization Code [RSC] [9 NYCRR] § 2526.1(f)(2)(i). Landlord appeals, and we now affirm.
Pursuant to RSC § 2526.1(e), "[a] tenant may recover any overcharge penalty established by the DHCR by deducting it from the rent due to the present owner at a rate not in excess of 20 percent of the amount of the penalty for any one month's rent" (see generally Olton v Hunter, 3 Misc 3d 133[A], 2004 NY Slip Op 50437[U] [App Term, 1st Dept 2004]). Since the substantial overcharge awards in favor of tenant have not been fully credited, Civil Court properly determined that no rent is currently owed.
Civil Court also properly rejected landlord's contention that RSC § 2526.1(f)(2)(i) shields it from any attempt by tenant to deduct the DHCR award from rent presently due, as landlord has failed to raise any triable issue of fact that the limited exemption provided in RSC § 2526.1(f)(2)(i) is properly invoked in this particular case (cf. 247 West 11th St. Rlty. Assocs. v Houser, 177 Misc 2d 938 [App Term, 1st Dept 1998]). 
Generally, RSC § 2526.1(f)(2)(i) provides that "a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner." RSC § 2526.1(f)(2)(i) may, however, shield a current owner from overcharges collected by a predecessor owner where the current owner is a purchaser or successor to a purchaser at a judicial sale, "in the absence of collusion or any relationship between such owner and any prior owner" and "where no records sufficient to establish the legal regulated rent were provided at [the] judicial sale ..." (RSC § 2526.1[f][2][i]; see Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545 [1997]). Here, while the record shows that landlord is a successor to a purchaser at a judicial sale, landlord fails to show or even allege the absence of collusion or any relationship between the prior purchaser and prior owner, or that adequate rental records were unavailable at the judicial sale (see generally Matter of Grimm v State of New York Div. of Hous. & Community Renewal, 4 AD3d 295, 297-298 [2004], lv denied 4 NY3d 704[2005]). Indeed, landlord has supplied no proof on this critical issue and, in particular, did not even allege that no records sufficient to establish the legal regulated rent were provided at the prior judicial sale; thus, landlord failed to establish the condition precedent for the application of the exemption or raise a factual issue (cf. 247 West 11th St. Rlty. Assocs. v Houser, 177 Misc 2d at 939). Merely being a successor to a purchaser at a mortgage foreclosure action is not enough to shield the current landlord from liability for the overcharge award. In these circumstances, landlord is not shielded from carryover liability for the overcharge award. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019